Lloyd A. MERBITZ, Appellant,

v.

**GREAT NATIONAL LIFE INSURANCE COMPANY, Appellee.**

No. 8761.

Court of Civil Appeals of Texas, Texarkana.

April 15, 1980.

Rehearing Denied May 13, 1980.

Gordon Bogen, Wm. Andress and Associates, P. C., Dallas, for appellant.

Ernest E. Figari, Jr., Hewett, Johnson, Swanson & Barbee, Dallas, for Great National.

Mark S. Stewart, Fort Worth, for Staver.

HUTCHINSON, Justice.

This suit seeks the determination of which of two life insurance policies was effective for the purpose of fixing the expiration date of the two year suicide clause.

Appellee, Great National Life Insurance Company, formerly USLife Life Insurance Company, instituted this suit against appellant, Lloyd A. Merbitz, for a declaratory judgment that it was not liable for life benefits under policy numbered 213,196 insuring the life of appellant's wife and bearing an effective date of June 1, 1974. Appellee also sought a determination that its liability on an identical policy bearing the same number but with an effective date of July 26, 1974, was limited to the return of paid premiums because of the suicide of the named insured on June 24, 1976. Appellee also asserted an alternative cause of action against its agents, Hugh Michael Staver and Nelson Guyer, for violations of their general agency contract. Appellant by counter-claim sought recovery of the life benefits provided under the policy dated June 1, 1974.

In November of 1973, appellant and his wife attended a seminar sponsored by Guyer and Staver Financial Inc., a financial consulting firm operated by Staver and Guyer, and engaged the firm to develop an estate plan for them. One of the recommendations made in the plan prepared for appellant was the purchase on life insurance on himself and his wife. Guyer and Staver, individually, were soliciting agents for appellee and some eleven or twelve other companies. Appellant accepted the plan and authorized Guyer and Staver to obtain the recommended life insurance, and Guyer and Staver in turn made the decision to secure the coverage from appellee. The required applications were prepared by Guyer and Staver and were signed by appellant and his wife on April 30, 1974. The pertinent application specifically provided that there would be no contract of insurance unless a policy was issued on the application and the full first premium actually paid upon delivery of the policy.

Appellee thereafter approved the insurability of appellant's wife and issued a policy bearing an effective date of June 1, 1974. The policy was sent to Guyer and Staver with specific instructions that the initial premium must be paid when the policy was delivered. The policy itself provided that in order for it to become effective it must be manually delivered to and accepted by the owner and the initial premium paid and received at the home office of the insurance company.

The written agency agreement of Guyer and Staver provided that the agents would comply with all the published rules, regulations and instructions of the company. The regulations prohibited the delivery of a policy unless the initial premium had been paid in full and required a policy to be returned for cancellation unless delivered in person to the insured within thirty days of its receipt.

On June 27, 1974, appellee, not having received the initial premium, wrote to Guy-

er and Staver stating that the policy could not be placed in force until the premium was paid and that if payment was not received by appellee by July 15, 1974, the policy would be canceled.

On July 3, 1974, an employee of the insurance department of Guyer and Staver Financial called the wife of appellant and told her that her policy had been received but could not be placed in force until the initial premium was received by the insurance company. This employee testified that the July 15, 1974, deadline was given in this conversation; however, the jury, in response to a special issue, found to the contrary. Following this telephone conversation the employee mailed the policy to appellant's wife, along with the request that the premium be sent to her at Guyer and Staver Financial. This letter did not mention the July 15, 1974, deadline.

On July 17, 1974, appellee, by letter, advised Staver that the policy was processed as not taken out because the initial premium had never been received. On July 22, 1974, Staver received from appellant a check dated July 13, 1974, in payment of the premium and mailed it to appellee. It was received by appellee nine days after the July 15, 1974, deadline. Upon receipt of the payment, appellee reviewed the application and issued the second policy bearing the same number as the first, but with the effective date being fixed as of July 26, 1974. This second policy was forwarded to Staver who in turn mailed it to appellant with a request that the first policy be returned as it had been canceled by appellee because the check did not arrive in time. Neither of the policies was returned. The next annual premium was paid on July 31, 1975. The insured wife committed suicide on June 24, 1976.

Each of the two policies had a two year suicide clause which provided:

"If the insured . . . shall die a suicide within two years of the Effective Date, the Company will pay the beneficiary only the sum of all premiums paid."

Appellant made claim under the first policy for full death benefits and refused to accept appellee's tender of the premiums paid.

In response to special issues the jury found that the employee of Guyer and Staver Financial did not inform appellant's wife that unless the initial premium was received by appellee on or before July 15, 1974, the policy dated June 1, 1974, would be canceled; that on June 27, 1974, Staver was the agent of appellant for the purpose of receiving notice of the July 15, 1974, cancellation date; that appellee by receiving and depositing appellant's check dated July 13, 1974, did not waive the requirement that the initial premium be received on or before July 15, 1974; that appellant accepted the offer of appellee to provide insurance under the policy dated July 26, 1974, instead of the policy dated June 1, 1974; and that appellant ratified the action of appellee in treating the policy of June 1, 1974, as not being in force.

The trial court entered judgment declaring that appellee was not liable under the first policy dated June 1, 1974, and that Staver and Guyer were liable for attorneys' fees incurred by appellee. Neither Staver or Guyer have perfected an appeal.

Appellant contends that there is no evidence to support the jury's finding that Staver acted as his agent for the purpose of receiving notice of the July 15, 1974, cancellation date. In connection with this contention appellant presents two evidentiary points of error. First, it is submitted that the admission of the evidence relative to the financial investments and transactions between appellant and Guyer and Staver Financial was error for the reason that such evidence was irrelevant and prejudicial. Secondly, it is contended that the evidence with respect to the July 15, 1974, cancellation date should have been excluded because its introduction was an attempt to vary the terms of a written contract in violation of the parol evidence rule.

■ In the review of a no evidence point, this Court will consider only the admitted evidence and the reasonable inferences therefrom which tend to support the fact finding. *Garza v. Alviar*, 395 S.W.2d 821

(Tex.1965); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361, 364 (1960). Thus, in order for either of appellant's first three points of error to be sustained, all of the evidence tending to show Staver's authority to secure insurance for appellant must be held to be inadmissible or a holding made that Staver as a matter of law could not act as appellant's agent.

■ Evidence adverse to a party's cause is, of course, to some extent prejudicial to that party. However, such evidence is admissible unless the prejudice outweighs the probative value of the evidence. The trial court screened the proffered evidence relative to the dealings of appellant with Guyer and Staver Financial so as to delete the money amount of appellant's investments and to prevent the revealing of the extent of the wealth of appellant. The extent, amount, and size of any of the investments were not permitted to be shown. The admitted evidence did not show nor tend to show any wrong doing on the part of the appellant and was not of the nature calculated to confuse the fact finders. The admitted evidence was offered and received for the purpose of showing the relationship between Staver and the appellant and to show Staver's authority to purchase insurance for appellant. It may be true that such evidence was damaging to appellant's cause, but that alone does not merit its exclusion on the basis of prejudice. In order to exclude evidence because it is prejudicial it must be shown that such evidence would have an undue tendency to cause the jury to find facts on an improper basis. Such has not been demonstrated here, and it is apparent such evidence was relevant as to the scope of the engagement of Guyer and Staver Financial on behalf of appellant.

■ Appellant's contention that evidence of the July 15, 1974, deadline should not have been received because its introduction violated the parol evidence rule is also without merit. Parol evidence is admissible to show that a valid contract never in fact existed. *Baker v. Baker,* 143 Tex. 191, 183 S.W.2d 724, 728 (1944). The evidence was properly admitted in support of the contention of the non-existence of an insurance contract rather than for the purpose of varying the terms of an existing contract.

■ Appellant's contention that Staver could not act as the agent of both the appellee and the appellant is likewise without merit. Staver, as an agent of appellee, had the authority only to accept applications, collect the initial premium and deliver the policy. He had no authority to waive or change any of the policy terms. The agency relationship between Staver and appellant included the procurement of insurance but extended much further for investment purposes that did not conflict with the insurance agency. The duties of his agency with appellant did not conflict with the duties of his agency with appellee.

■ Appellant next submits another "no evidence" point by contending there is no evidence to support the jury's finding that appellee did not waive the July 15, 1974, deadline for payment of the initial premium by receiving and depositing the check. In order to sustain this point appellant must demonstrate that appellee waived the deadline as a matter of law and in order to so do all the facts and circumstances surrounding the waiver must be admitted or clearly established. *H. A. Lott, Inc. v. Pittsburgh Plate Glass Company,* 432 S.W.2d 583 (Tex.Civ.App. Amarillo 1968, no writ). The question of waiver is usually a question of fact, particularly when the intent of a party is in dispute. *City of Waco v. Thralls,* 172 S.W.2d 142 (Tex.Civ.App. Waco 1943, writ ref'd w.o.m.); *Andrews v. Powell,* 242 S.W.2d 656 (Tex.Civ.App. Texarkana 1951, no writ). The facts here are not so clearly established in favor of appellant's theory of waiver as to establish it as a matter of law. Appellee's action in classifying the policy "as not taken" out, its letters to Staver in this respect and its action in its issuance of the second policy could all be considered as evidence in support of the jury finding.

■ In connection with the foregoing point, appellant complains of the failure to

exclude the testimony of one of appellee's underwriters as being prejudicial and self-serving. There is no assertion that this witness was not testifying from either personal knowledge or properly introduced business records. The fact that such testimony may be considered as damaging to appellant's cause is not grounds for its exclusion.

Appellant's final points of error assert there is no evidence to support the finding that appellant accepted the appellee's offer to provide insurance under the July 26, 1974, policy rather than the June 1, 1974, policy and there is no evidence to support the finding that appellant ratified the actions of appellee in treating the June 1, 1974, policy as not being in force. These no evidence points are without merit. There is evidence that appellant was notified that the policy dated June 1, 1974, had been canceled; that the policy dated July 26, 1974, was issued in lieu of the canceled policy; that appellant retained the second policy without objection to its effective date; and paid the subsequent premium on the later policy's schedule. The record fully supports the jury findings.

The judgment of the trial court is affirmed.