Shannon McKILLIP, Appellant,

v.

EMPLOYERS FIRE INSURANCE COMPANY, Appellee.

No. 06–96–00050–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 1, 1996.

Decided Oct. 4, 1996.

Kelly B. Tidwell, Patton, Tidwell, Sandefur, Paddock, Texarkana, for Appellant.

Kent M. Adams, Kim Coogan, Adams, Coffey, Duesler, Beaumont, for Appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

CORNELIUS, Chief Justice.

Shannon McKillip appeals an adverse summary judgment rendered in her suit against Employers Fire Insurance Company for breach of contract, negligence, and violations of the Texas Deceptive Trade Practices Act.[1] Because we find that Employers' summary judgment motion did not negate McKillip's causes of action for negligence and DTPA violations, we reverse the summary judgment as to those causes of action and remand for trial.

In March 1992, Shannon McKillip, who was in the process of obtaining a divorce, was told by her husband that State Farm Insurance Company was cancelling her automobile liability insurance policy. She contacted Pat Spradlin, an Allstate agent, to obtain new liability insurance for her vehicle. On April 3, 1992, McKillip met with Spradlin and completed an automobile liability insurance application requesting coverage for uninsured and underinsured motorist coverage, bodily injury uninsured and underinsured motorist coverage, and personal injury protection coverage. McKillip contends that when she paid her down payment, Spradlin told her she was "now insured" and gave her a card meant to serve as temporary proof of insurance.

Spradlin submitted McKillip's application and premium payment, minus her commission, to the Texas Automobile Insurance Plan (TAIP). TAIP administers the state's assigned risk automobile liability insurance plan. On April 9, 1992, TAIP assigned McKillip's application to Employers. Employers issued McKillip an automobile liability insurance policy with an effective date of April 14, 1992.

On April 11, 1992, McKillip was seriously injured in an automobile accident. The driver responsible for the accident did not have sufficient liability coverage to compensate McKillip for her injuries. McKillip sought payment from Employers based on the policy's uninsured and underinsured coverage and personal injury coverage. Employers denied the claim on the ground that the accident occurred at a time when its policy was not in effect.

Section nine of McKillip's application for insurance through the TAIP shows that McKillip's policy with State Farm was cancelled effective April 14, 1992. McKillip swore that she did not provide this information and that section nine was left blank when she signed the application. There is no summary judgment evidence indicating who filled in the blank at section nine of the application, although the State Farm policy is contained in the summary judgment evidence and it shows that the policy date extended to April 14, 1992. There is no summary judgment evidence that the policy, as to Shannon McKillip, was cancelled at a date earlier than April 14, 1992, except Shannon McKillip's sworn statement that her husband told her the policy had been cancelled before that date.

McKillip contends coverage began on April 3, 1992, when she met with Spradlin, completed the application, and was told by Spradlin that she was insured. McKillip also asserts that, pursuant to the TAIP rules, Employers had a duty to contact her and request corrections in her application if it was not correct or complete.

■ For a defendant to be entitled to summary judgment it must disprove, as a matter of law, at least one of the essential elements of each cause of action alleged by

---

1. Tex. Bus. & Com.Code Ann. §§ 17.01, et seq.     (Vernon 1987 & Supp.1996).

the plaintiff. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377, 379 (Tex.App.—Texarkana 1989, no writ).

When the order granting summary judgment does not specify the grounds the court relied on in granting judgment, such as the order here, the judgment must be affirmed if any of the theories raised in the motion for summary judgment is meritorious. *State Farm Fire & Casualty Co. v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex.1993).

McKillip asserts that Spradlin was acting as Employers' agent when Spradlin completed and submitted McKillip's liability insurance application, and that Employers is bound by Spradlin's acts and representations.

This action involves the state's assigned risk plan, a legislative creation governed by statute, TEX. INS.CODE ANN. art. 21.81 (Vernon Supp.1996), with its own administrative rules and procedures. Insurance companies providing automobile liability insurance policies under the assigned risk plan are subject to TAIP rules. *Zuniga v. Allstate Ins. Co.*, 693 S.W.2d 735, 737 (Tex. App.—San Antonio 1985, no writ). The plan's manager assigns the applications for insurance in the plan to insurers proportionate to their share of the state's annual automobile liability insurance business. TEXAS AUTOMOBILE INSURANCE PLAN §§ 4.1, 4.14 (1992). TAIP's manager, not the submitting agent, decides which insurer will ultimately be assigned the policy.

The Texas Insurance Code expressly states who is an agent.[2] An insurer's agent is defined as any person who: (1) solicits insurance on behalf of an insurance company; (2) transmits an application or policy to or from an insurance company; (3) receives or delivers a policy on behalf of an insurance company; (4) examines or inspects any risk; (5) receives, collects, or transmits an insurance premium; or (6) adjusts a loss on behalf

of an insurance company. TEX. INS.CODE ANN. art. 21.02 (Vernon Supp.1996); *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 98 n. 3 (Tex.1994). An insurance agent can act as an agent for both the insured and the insurer. *Merbitz v. Great Nat'l Life Ins. Co.*, 599 S.W.2d 655, 658 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.). This dual role requires the agent to collect the premium from the insured, deliver the policy for the carrier, and procure insurance for the insured from the carrier. *Id.* TAIP's unique operating procedures prevented Spradlin from performing any of these actions on Employers' behalf.

At the time Spradlin acted Employers was not the insurer, and the application was not submitted to Employers. Even if Spradlin did make the alleged representations to McKillip, they cannot be imputed to Employers since, as a matter of law, Spradlin was not acting as Employers' agent. An insurance agent writing a policy through the Texas Automobile Insurance Plan is not the agent for the ultimate insurer. *Employers Casualty Co. v. Mireles*, 520 S.W.2d 516, 521 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.).

Like the plaintiff in *Employers Casualty Co. v. Mireles, supra*, McKillip sought out Spradlin to obtain insurance coverage. Spradlin, as did the agent in *Mireles*, completed McKillip's TAIP liability application and forwarded her application, together with her premium payment, to the plan manager. As in *Mireles*, there was no contact between McKillip and Spradlin other than during the application process regarding issuance of the policy. Spradlin did not perform any act on behalf of Employers. Moreover, there is no statute or other special indicia of authority supporting a finding that Spradlin was acting as Employers' agent.

Because Spradlin was not an agent of Employers, summary judgment against McKillip on the causes of action for breach of contract and imputed liability for the actions of Spradlin was proper.

---

2. Several states make a distinction between insurance agents, who represent a single insurer, and insurance brokers, who sell policies from different insurers. A broker essentially procures insurance for another acting as a middleman between the insured and the insurer. This distinction is not found in the Texas Insurance Code. Insurance agents, other than those engaged in selling life, health, or accident, are categorized as either local recording agents or soliciting agents. *May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 669 n. 8 (Tex.1992).

Summary judgment, however, was not proper on McKillip's causes of action against Employers for negligence and DTPA violations. McKillip in her petition properly alleged causes of action on those theories. Employers did not mention or attempt to negate those causes of action or theories of liability in its motion for summary judgment. In that situation, McKillip was not required to except or respond to Employers' motion as to those claims. The summary judgment rule, TEX.R. CIV. P. 166a(c), expressly provides that the motion for summary judgment shall state the specific grounds therefor. Because Employers' motion did not state specific grounds for judgment on the negligence and DTPA claims, summary judgment was not proper as to those claims. TEX.R. CIV. P. 166a; *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337 (Tex.1993).

Employers argues that McKillip waived the failure to raise the negligence and DTPA grounds in the motion for summary judgment by failing to except to the motion. We disagree. As stated by the court in *Roberts v. Southwest Texas Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex.App.—San Antonio 1991, writ denied), quoted with approval by our Supreme Court in *McConnell v. Southside Indep. Sch. Dist., supra:*

> When a motion for summary judgment asserts grounds A and B, it cannot be upheld on grounds C and D, which were not asserted, even if the summary judgment proof supports them and the responding party did not except to the motion.

Employers filed a "Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment," in which it replied to McKillip's response to the motion for summary judgment and argued that McKillip had not identified any act or misrepresentation that could give rise to a cause of action for negligence or for violations of the DTPA. That was merely argument, however, similar to a brief. Grounds for summary judgment must be expressly raised in the motion for summary judgment *itself.* Raising them in a brief or other form of argument outside the motion, even if they are filed contemporaneously with the motion, is insufficient. TEX.R.

CIV. P. 166a; *McConnell v. Southside Indep. Sch. Dist., supra.* Moreover, the brief statement in the reply was a conclusion unsupported by any factual allegations or summary judgment proof.

Employers argues that there is no summary judgment proof raising a fact issue as to its negligence or violations of the DTPA. But such proof is not required in the posture of this case. In her petition, McKillip alleged negligent breaches of duty and violations of the DTPA. Because Employers did not negate those allegations and grounds in its motion for summary judgment, McKillip was not required to produce any controverting proof. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979). McKillip may or may not be able to prove her allegations at trial, but because Employers did not negate them in its motion for summary judgment, she is entitled to a trial on them.

For the reasons stated, the judgment insofar as it applies to McKillip's claims for breach of contract is affirmed. The judgment insofar as it applies to McKillip's causes of action for negligence and DTPA violations is reversed. Those causes of action are severed from the remainder of the case and are remanded to the district court for trial.