IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11056
Summary Calendar
_____


ESSEX INSURANCE COMPANY

                    Plaintiff - Counter Defendant - Appellee,

versus

REDTAIL PRODUCTS INC.

                    Defendant - Counter Claimant - Appellant.


---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-2120-D
---------------------
April 12, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     This case arises from a dispute over insurance coverage.

Redtail Products Inc. [Redtail] appeals from a judgment

dismissing its counterclaims and granting a declaratory judgment

that Essex Insurance Company [Essex] had no duty to defend or

indemnify Redtail in an advertising injury case and that Essex

lawfully canceled Redtail's commercial general liability policy.

We affirm.

     Redtail sells motor oils and other lubricants and uses the

marks of certain engine manufacturers in its labeling and

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

promotional materials to inform customers that they can use Redtail products for those engines.  On September 27, 1996, Outboard Marine Corporation [OMC] sent Redtail a letter alleging that Redtail's use of OMC's marks violated its trademark rights. Redtail contacted Corbin Shouse [Shouse], an insurance agent. Upon being informed that its existing policy did not cover advertising injury, Redtail instructed Shouse to acquire a policy that would.  Shouse submitted an application on Redtail's behalf which represented that there were no known claims or occurrences that may give rise to claims in the five years previous to the application.  Essex issued a general liability policy to Redtail. On June 2, 1997, OMC filed suit against Redtail.  After Essex received a copy of the September 27, 1996 OMC letter, Essex notified Redtail and certain other interested parties that the policy was being canceled "due to misrepresentation."

Essex filed a declaratory action, seeking a judgment that it had no duty under the policy to defend or indemnify Redtail, that the policy was void *ab initio*, and that Essex had lawfully canceled the policy.  Redtail counterclaimed for a number of causes of action, including misrepresentation, breach of contract, and defamation.  On cross motions for partial summary judgment, the district court ruled that Essex had no duty to defend or indemnify Redtail in the OMC suit.  After a bench trial, the district court issued judgment in favor of Essex on all claims except its contention that the policy was void *ab initio* and dismissed Redtail's counterclaims with prejudice.

We review the district court's partial summary judgment de

novo, *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991), factual findings in its final judgment for clear error and its conclusions of law de novo. *See American Home Assur. Co. v. Unitramp Ltd.*, 146 F.3d 311, 313 (5th Cir. 1998).

The district court's grant of partial summary judgment was proper. The court could consider the September 27, 1996 OMC letter under *John Deere Ins. Co. v. Truckin' U.S.A.*, 122 F.3d 270, 272 95th Cir. 1997) because the facts alleged in the underlying OMC complaint were insufficient to determine coverage under the policy. The policy specifically excluded coverage for advertising injury occurring outside of the policy period and for injury arising out of a publication of material that first occurred before the beginning of the policy period. OMC's complaint letter of September 27, 1996 demonstrates that the alleged trademark violations would be excluded under those terms. In addition, under the fortuity doctrine, Redtail could not receive coverage for a loss or damage which was known to have begun at the time the policy was purchased. *See Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495, 501 (Tex. App. 1995, no writ).

The district court's final judgment dismissing Redtail's counterclaims and granting judgment for Essex was likewise proper. Essential to several of Redtail's counterclaims was its contention that Shouse acted as an agent for Essex during the procurement of the policy. The district court found, however, that Shouse was acting as Redtail's agent during the application period. *See McKillip v. Employers Fire Ins. Co.*, 932 S.W.2d 268, 270 (Tex. App. 1996, no writ). The district court therefore correctly dismissed Redtail's fraud-related counterclaims because they rested on Shouse's behavior

during the application period, which could not be attributed to Essex.

The district court's conclusion that Essex complied with the contract terms and applicable law in canceling the policy is also correct. Redtail's defamation counterclaims were properly dismissed because the allegedly defamatory statements were true as established by evidence in the record and truth is a defense to such claims. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). Finally, the district court correctly concluded that Redtail failed to establish tortious interference with a prospective contract because it did not show that Essex acted with malice. *See Garner v. Corpus Christi Nat'l Bank*, 944 S.W.2d 469, 477 (Tex. App. 1997, writ denied).

For the reasons stated in the district court's partial summary judgment memorandum opinion and order of November 12, 1998 and memorandum opinion of August 17, 1999, we affirm.