ACCEPTED
03-14-00671-CV
4379019
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/5/2015 8:54:16 AM
JEFFREY D. KYLE
CLERK

# NO. 03-14-00671-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/5/2015 8:54:16 AM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS

AUSTIN, TEXAS

**STEPHEN M. DANIELS,**
**Appellant,**

**v.**

**TONY R. BERTOLINO,**
**Appellee.**

On Appeal from the 250th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14-002146

**BRIEF OF APPELLANT**

Eleanor Ruffner
State Bar No. 24047034
THE LAW OFFICE OF ELEANOR RUFFNER, P.C.
1403 West Sixth Street
Austin, Texas 78703
(512) 913-7576 (telephone)
(512) 681-0800 (facsimile)
eruffnerlaw@gmail.com

COUNSEL FOR APPELLANT

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Plaintiff/Appellant:**   **Stephen M. Daniels**

Trial Counsel:     Stephen M. Daniels (pro se)
           8323 Clays Point
           San Antonio, Texas  78257

Appellate Counsel:    Eleanor Ruffner
           State Bar No. 24047034
           eruffnerlaw@gmail.com
           THE LAW OFFICE OF ELEANOR RUFFNER, PC.
           1403 West Sixth Street
           Austin, Texas  78703
           (512) 913-7576
           (512) 681-0800 (fax)

**Defendant/Appellee:**   **Tony Bertolino**

Trial & Appellate Counsel:  Tony Bertolino
           State Bar No. 24038766
           tbertolino@belolaw.com
           Hiba Kazim
           State Bar No. 27076952
           hkazim@belolaw.com
           BERTOLINO LLP
           823 Congress Avenue, Suite 704
           Austin, Texas  78701
           (512) 476-5757
           (512) 476-5758

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................i

TABLE OF CONTENTS.................................................................... ii

INDEX OF AUTHORITIES..................................................................vi

REFERENCES.............................................................................x

STATEMENT OF THE CASE...............................................................xi

INTRODUCTION ......................................................................... xii

STATEMENT REGARDING ORAL ARGUMENT ........................................... xiii

ISSUES PRESENTED......................................................................xiv

ISSUE NO. 1:

The trial court's no-evidence summary judgment order stated that it "finally disposes of all parties and all claims and is therefore final and appealable." However, the summary judgment motion and the order were by their explicit language limited to only one of several theories of recovery. Was the trial court's order erroneous?

ISSUE NO. 2:

A no-evidence motion for summary judgment was filed less than two months after the case was transferred to Travis County. Just three weeks earlier, the moving party had sought to avoid summary judgment by arguing that filing such a motion "without providing [him] an opportunity to conduct discovery" would deny him of his right to due process of law. Did the trial court abuse its discretion in making the threshold finding, twenty-three days later, that the no-evidence motion was filed after adequate time for discovery?

ISSUE NO. 3:

In his no-evidence motion for summary judgment, the movant challenged a few elements of the non-movant's DTPA claim. Evidence on file addressed each of the challenged elements, directly and indirectly, but the trial court nonetheless granted summary judgment. Did the Plaintiff raise a scintilla of evidence on each of the elements of Plaintiff's DTPA claims?

STATEMENT OF FACTS ................................................................................1

    A.    APPELLANT, STEPHEN DANIELS, HIRES APPELLEE, TONY BERTOLINO, TO FILE A MALPRACTICE LAWSUIT AND PAYS BERTOLINO $9,700. .......1

    B.    BERTOLINO TAKES THE MONEY AND DOES NOTHING. ...........................2

    C.    MR. DANIELS'S SUIT IS PREDICTABLY DISMISSED. ...............................2

    D.    MR. DANIELS SEEKS JUDICIAL ASSISTANCE TO OBTAIN REIMBURSEMENT FROM BERTOLINO. .....................................................3

    E.    BERTOLINO REFUSES TO RESPOND TO DISCOVERY BUT NONETHELESS FILES A NO-EVIDENCE SUMMARY JUDGMENT MOTION........................5

    F.    THE COURT SIGNS AN OVERBROAD ORDER DISMISSING MR. DANIELS'S ENTIRE SUIT. .......................................................................................6

SUMMARY OF ARGUMENT ..........................................................................8

ARGUMENT ................................................................................................9

    A.    THE FINAL ORDER IMPROPERLY DISPOSED OF THE ENTIRE LAWSUIT. ...9

        1.    Summary Judgment Orders Can Only Grant Relief on the Specific Grounds Presented in the Motion. ...............................9

        2.    An Overbroad Order Should Be Reversed and Remanded. .....10

3. Judge Strauss's Order Purported to Be Final, But the Motion Challenged Only Mr. Daniels's DTPA Claims. ........................10

4. Mr. Daniels Had Asserted Several Other Theories of Recovery in His Pleadings. ..................................................................11

B. THE SUMMARY JUDGMENT MOTION WAS UNTIMELY AND IMPROPER. ................................................................................13

1. Whether the Parties Had Adequate Time for Discover Is Generally Within the Discretion of the Trial Court. .................14

2. The Facts and Circumstances in This Case Show that the Trial Court Abused Its Discretion .......................................15

3. Bertolino Himself, Just Days Before, Had Asserted that Summary Judgment Would Deprive the Litigants of Due Process of Law. ................................................................................18

4. Permitting a No-Evidence Summary Judgment Prior to Discovery Defeats the Purpose of Summary Judgment. ..........19

5. Allowing Such Motions Will Allow Defendants to Manipulate the Discovery Process. ........................................................20

C. THE RECORD CONTAINED SUFFICIENT EVIDENCE TO DEFEAT SUMMARY JUDGMENT. .........................................................21

1. Plaintiff Is a Consumer who Incurred Damages. .......................22

2. Defendant Knew and Withheld Information Concerning His Services, Intending to Induce and in Fact Inducing Plaintiff into a Transaction. ..................................................................23

D. IN THE ALTERNATIVE, MR. DANIELS SHOULD RETAIN THE RIGHT TO ASSERT ADDITIONAL DTPA CLAIMS AGAINST BERTOLINO. .................24

CONCLUSION .............................................................................25

CERTIFICATE OF COMPLIANCE...........................................................................26

CERTIFICATE OF SERVICE ..................................................................................26

APPENDIX .................................................................................................................27

# INDEX OF AUTHORITIES

## CASES

*Akhter v. Schlitterbahn Beach Resort Mgmt.,* LLC
No. 03-13-00117-CV, 2013 Tex. App. LEXIS 10522, 2013 WL 4516130
(Tex. App.—Austin August 22, 2013, no pet.) ..............................................15

*Allen v. Albin*
97 S.W.3d 655 (Tex. App.—Waco 2002, no pet.)........................................16

*Casso v. Brand*
776 S.W.2d 551 (Tex. 1989) .........................................................................19

*Chessher v. Southwestern Bell Tel. Co.*
658 S.W.2d 563 (Tex. 1983) ...........................................................................9

*City of Houston v. Clear Creek Basin Auth.*
589 S.W.2d 671 (Tex. 1979) .........................................................................19

*Clemons v. Tex. Concrete Materials, Ltd.*
2010 Tex. App. LEXIS 8394, No. 07-09-0032-CV (Tex. App.—Amarillo
October 19, 2010, no pet.) .............................................................................16

*D.R. Horton-Tex. Ltd. v. Savannah Props. Assocs., L.P.*
416 S.W.3d 217 (Tex. App.—Fort Worth 2013, no pet.) .............................15

*Fort Brown Villas III Condo. Ass'n v. Gillenwater*
285 S.W.3d 879 (Tex. 2009) .........................................................................19

*Iliff v. Iliff*
339 S.W.3d 74 (Tex. 2011) ...........................................................................14

*In re Colonial Pipeline Co.*
968 S.W.2d 938 (Tex. 1998) (orig. proceeding) ...........................................19

*In re Guardianship of Patlan*
    350 S.W.3d 876 (Tex. App.—San Antonio 2011, no pet.) ...........................15

*King Ranch, Inc v. Chapman*
    118 S.W.3d 742 (Tex. 2003) ....................................................................21

*Lehmann v. Har-Con Corp.*
    39 S.W.3d 191 (Tex. 2001) .................................................................10, 11

*Merrell Dow Pharm., Inc. v. Havner*
    953 S.W.2d 706 (Tex. 1997) ...................................................................22

*McConnell v. Southside Indep. Sch. Dist.*
    858 S.W.2d 337 (Tex. 1993) .................................................................9, 12

*McInnis v. Mallia*
    261 S.W.3d 197 (Tex. App.—Houston [14th Dist.] 2010, pet.
    denied) .................................................................................14, 15, 19

*McKillip v. Employers Fire Ins. Co.*
    932 S.W.2d 268 (Tex. App.—Texarkana 1996, no writ)..............................12

*Natividad v. Alexsis, Inc.*
    875 S.W.2d 695 (Tex. 1994) ...................................................................21

*Restaurant Teams Int'l, Inc. v. MG Secs. Corp.*
    95 S.W.3d 336 (Tex. App.—Dallas 2002 no pet.) .......................................15

*Samlowski v. Wooten*
    332 S.W.3d 404 (Tex. 2011) ...............................................................14, 20

*Sanders v. Capitol Area Council, BSA*
    930 S.W.2d 905 (Tex. App.—Austin 1996, no pet.)................................9, 12

*Schlumberger Well Surveying Corp. v. Nortex Oil and Gas Corp.*
    435 S.W.2d 854 (Tex. 1968) ...................................................................16

*Spoljaric v. Percival Tours, Inc.*
708 S.W.2d 432 (Tex. 1986) ................................................................ 15-16

*Tex. Dep't of Parks & Wildlife v. Miranda*
133 S.W.3d 217 (Tex. 2004) .................................................................19

*Thornbrough v. Columbus & Greenville R.R. Co.*
760 F.2d 633 (5th Cir. 1985) .........................................................16

*Tower Contracting Co. v. Flores*
302 S.W.2d 396 (Tex. 1957) .................................................................24

*Turner v. Franklin*
325 S.W.3d 771 (Tex. App.—Dallas 2010, pet. denied) ..............................16

*Valence Operating Co. v. Dorsett*
164 S.W.3d 656 (Tex. 2005) .......................................................22

*Womack v. Berry*
291 S.W.2d 677 (Tex. 1956) .................................................................14

## STATUTES

TEX. BUS. & COM. CODE §17.46 .................................................................24, 25

TEX. R. APP. P. 9 .................................................................................26

TEX. R. CIV. P. 63.................................................................................24

TEX. R. CIV. P. 64.................................................................................11

TEX. R. CIV. P. 65.................................................................................11

TEX. R. CIV. P. 69.................................................................................12

TEX. R. CIV. P. 71.................................................................................12

TEX. R. CIV. P. 166a ..............................................................9, 13, 19, 20

TEX. R. CIV. P. 190 ..................................................................17, 20

TEX. DISC. R. PROF. COND. 1.02 .........................................................25

## OTHER AUTHORITIES

Thomas R. Phillips, *Texas Supreme Court Update*, 60 TEX. B.J. 858 (1997)... 20-21

## REFERENCES

CR __                Clerk's Record (by page number)

SCR __               Supplemental Clerk's Record (by page number)

Appx. __, p. __      Appendix (by tab and page number)

**STATEMENT OF THE CASE**

*Nature of the Case:*        After Appellant Tony Bertolino ("Bertolino") took $9,700 from Appellee Stephen M. Daniels ("Mr. Daniels") to pursue litigation against Gregory Canfield, Bertolino conducted no discovery and secured no experts, resulting in dismissal of the suit against Canfield. Mr. Daniels sued Bertolino for common law fraud, fraudulent inducement, DTPA violations, misrepresentation, and quantum meruit/unjust enrichment.

*Trial Court:*        250th District Court of Travis County, Texas
The Honorable Gus Strauss, Visiting Judge, presiding

*Trial Court Disposition:*        Motion for No-Evidence Summary Judgment granted on Plaintiff's DTPA claim; order stated that it "finally disposes of all parties and all claims and is therefore final and appealable."

# INTRODUCTION

When Stephen Daniels lost a judgment in a case he thought he had won, he asked attorney Tony Bertolino for help. Bertolino proposed that Mr. Daniels pay him $10,000 up front, assign him 17.5% of his recovery, and pay any additional fees and expenses he incurred. To induce Mr. Daniels to agree, Bertolino told him he could recover the value of the judgment plus the fees Mr. Daniels had paid his attorney in the underlying suit. The damages Bertolino touted were more than Mr. Daniels had hoped. Once he agreed, however, Bertolino made zero effort to deliver. Because Bertolino did not earn his fee, Mr. Daniels sued to get that money back, asserting several alternative theories of recovery. Before discovery could begin in earnest, Bertolino filed a no-evidence summary judgment. Such a motion was improper at that point because, by Bertolino's own assessment, adequate time for discovery had not passed. In any event, the limited record at that point did contain more than a scintilla of evidence on each of the elements of the Deceptive Trade Practices Act claim challenged by Bertolino's motion. Nonetheless, the trial court improvidently granted the motion, issuing an order that claimed to be final even though most of Mr. Daniels's claims were not addressed by the motion. Mr. Daniels therefore seeks reversal of the order and the summary judgment and requests that this Court remand his suit to the trial court to proceed to disposition on the merits.

# STATEMENT REGARDING ORAL ARGUMENT

This appeal follows from the abrupt termination of a pending lawsuit in the midst of competing motions for summary judgment. Resolution of this appeal requires the Court's consideration of multiple issues and claims against Appellee. Appellants believe oral argument would be helpful in the Court's determination of these issues and crafting an opinion that clarifies the status of the litigation upon remand to the trial court.

# ISSUES PRESENTED

**ISSUE NO. 1:**

The trial court's no-evidence summary judgment order stated that it "finally disposes of all parties and all claims and is therefore final and appealable." However, the summary judgment motion and the order were by their explicit language limited to only one of several theories of recovery. Was the trial court's order erroneous?

**ISSUE NO. 2:**

A no-evidence motion for summary judgment was filed less than two months after the case was transferred to Travis County. Just three weeks earlier, the moving party had sought to avoid summary judgment by arguing that filing such a motion "without providing [him] an opportunity to conduct discovery" would deny him of his right to due process of law. Did the trial court abuse its discretion in making the threshold finding twenty-three days later that the no-evidence motion was filed after adequate time for discovery?

**ISSUE NO. 3:**

In his no-evidence motion for summary judgment, the movant challenged a few elements of the non-movant's DTPA claim. Evidence on file addressed each of the challenged elements, directly and indirectly, but the trial court nonetheless granted summary judgment. Did the Plaintiff raise a scintilla of evidence on each of the elements of Plaintiff's DTPA claims?

## STATEMENT OF FACTS

**A.** **APPELLANT, STEPHEN DANIELS, HIRES APPELLEE, TONY BERTOLINO, TO FILE A MALPRACTICE LAWSUIT AND PAYS BERTOLINO $9,700.**

Mr. Daniels has had a streak of bad luck with attorneys. An acquaintance of his, Ms. Kanu, borrowed some money and failed to repay him. SCR 114. He retained the services of Gregory Canfield, an attorney in San Antonio, to pursue his claims against Ms. Kanu. SCR 114. Although Canfield initially secured a judgment of $9,875.95 plus attorney fees, Ms. Kanu filed a motion for new trial. SCR 36-37. Canfield, for reasons that remain unexplained, agreed to the new trial. SCR 37. Canfield then withdrew from the representation, and Mr. Daniels, proceeding pro se against a represented party, did not prevail at the new trial. SCR 114-115.

Dissatisfied with that outcome, Mr. Daniels consulted Tony Bertolino regarding whether Canfield's actions and omissions met the applicable standards for legal malpractice. CR 10; *see also* Appx. D. At this consultation, for which Mr. Daniels paid $200, Bertolino inflated Mr. Daniels's expectations of recovery beyond merely the judgment that Mr. Canfield did not defend to include thousands of dollars more. CR 10; *see also* Appx. D. Bertolino then prepared an engagement agreement, and pursuant to the terms of that agreement, Mr. Daniels pays Bertolino another $9,500 over the next twelve months. CR 10-11; SCR 18-21; *see also* Appx. D.

**B.     BERTOLINO TAKES THE MONEY AND DOES NOTHING.**

On August 21, 2012, Bertolino filed suit against Canfield on behalf of Mr. Daniels, asserting claims for breach of contract, legal malpractice, breach of fiduciary duties, negligent misrepresentation, and quantum meruit.  SCR 67-73.  Bertolino then proceeded to do nothing else to prosecute Mr. Daniels's claims.  SCR 35.  Bertolino, whose law firm website advertises that the firm's "attentiveness" sets them apart from other firms, conducted no discovery and did not look for the necessary expert witness to support Mr. Daniels's claims.  SCR 35; Appx. D, p. 2.

**C.     MR. DANIELS'S SUIT IS PREDICTABLY DISMISSED.**

Unsurprisingly, Canfield then files for a No-Evidence Summary Judgment Motion against Mr. Daniels.  SCR 114-118.  At a court hearing on that motion on March 1, 2013, the trial court learned that Bertolino had done nothing to advance Mr. Daniels's case – "no depositions, no discovery, nothing."  SCR 35; *see also* Appx. F, G.  Bertolino sought and obtained a continuance, secured some written discovery, and took a deposition.  SCR 36; *see also* Appx. F.  However, Bertolino still failed to secure an expert, despite being explicitly advised by defense counsel that such an expert was necessary.  SCR 36; *see also* Appx. F, G.

Therefore, at the follow-up hearing on Canfield's No-Evidence Motion for Summary Judgment on April 15, 2013, the judge was not sympathetic to Bertolino's

failure to obtain an expert as required. SCR 42; *see also* Appx. F. Bertolino, however, was not there to listen to the judge's admonishments or defend his strategy for pursuing his client's case because did not show up at the hearing. SCR 31; *see also* Appx. F. Trevor Young, the attorney who did appear on Mr. Daniels's behalf, was a recent law school graduate who had been licensed less than six months. In the attorneys' arguments to the court, Mr. Young acknowledged that "an expert is generally necessary to instruct a jury on the issues of standard of care and proximate cause." SCR 42; *see also* Appx. F, G. The judge then promptly granted the motion. SCR 42; *see also* Appx. F.

After losing the summary judgment motion and therefore any chance of recovery, Bertolino then sent Mr. Daniels an invoice for more than $5,600 over and above the $9,700 Mr. Daniels had already paid. CR 11; *see also* Appx. D.

### D. MR. DANIELS SEEKS JUDICIAL ASSISTANCE TO OBTAIN REIMBURSEMENT FROM BERTOLINO.

By May of 2013, Bertolino had taken $9,700 from Mr. Daniels, sat idle, irrevocably lost Mr. Daniels's case because of his failure to secure an expert as advised by the court and by opposing counsel, and nonetheless had began looking to collect another $5,600. Mr. Daniels therefore filed suit against Bertolino, electing to proceed pro se. CR 12-17. The suit was initiated in Bexar County on December 2, 2013. CR 12. Mr. Daniels's Original Petition asserted multiple alternative

theories of recovery against Bertolino. CR 12-17. Under the section heading "Statement of Claims," Mr. Daniels set out three sets of legal theories. CR 15-16. The first, in Section A., included common law fraud, fraudulent inducement, deceptive acts, and unconscionable acts. CR 15. The second, in Section B., set out a claim for false representation on the basis of the statements Bertolino made regarding the strength of Mr. Daniels's claim against Canfield. CR 15. The third, in Section C., was for unjust enrichment and quantum meruit on the grounds that Bertolino was unjustly enriched by the fees Mr. Daniels paid him because Bertolino failed to provide the work he promised Mr. Daniels. CR 15-16.

Bertolino answered and moved to transfer venue to Austin. That motion was granted on May 13, 2014, and Travis County received the transferred file on or about July 1, 2014. CR 18-19.

On July 10, 2014, Mr. Daniels filed a one-page supplement to his pleadings to clarify that he was seeking to recover under the DTPA for the misrepresentations Bertolino made. CR 21. Bertolino did not file any special exceptions at any point during the pendency of this litigation or otherwise seek judicial clarification of Mr. Daniels's pleadings or claims.

**E. BERTOLINO REFUSES TO RESPOND TO DISCOVERY BUT NONETHELESS FILES A NO-EVIDENCE SUMMARY JUDGMENT MOTION.**

Mr. Daniels served discovery on Bertolino, but Bertolino failed to respond. CR 7; CR 36; CR 49; SCR 46. Instead, on August 28, 2014 – less than two months after the case had been on the Travis County docket – Bertolino filed his No-Evidence Motion for Summary Judgment and Notice of Hearing. CR 46-47. Specifically, Bertolino contended that there was no evidence that:

- Mr. Daniels is a consumer that incurred economic damages or damages or mental anguish;

- Bertolino knew information concerning goods or services at the time of the transaction;

- Bertolino withheld the information;

- Bertolino intended to induce the consumer into a transaction; and

- Mr. Daniels would not have entered into the transaction had the withheld information been disclosed.

CR 46-47. At this point in the Bertolino litigation, there was no docket control order or scheduling order governing the pre-trial deadlines.

In his response, Mr. Daniels noted that Bertolino had failed to respond to discovery. CR 49. Mr. Daniels also referred the court to the documents already on file with the court, which by this point included (by way of example only):

- Mr. Daniels's affidavit (CR 10-11; Appx. D);

- Bertolino's verified motion (CR 24-34; Appx. E);

- The transcript from the hearing in the Canfield litigation (SCR 32-43; Appx. F); and

- The affidavit of Fred. E. Davis, opposing counsel in the Canfield litigation (SCR 63-66; Appx. G).

CR 49-51. Collectively, these documents constituted more than a scintilla of evidence in support of each of the elements that Bertolino identified in his no-evidence motion for summary judgment. However, the judge disagreed, and by letter on September 30, 2014, he notified the parties that he would be granting Bertolino's motion. CR 54.

## F. THE COURT SIGNS AN OVERBROAD ORDER DISMISSING MR. DANIELS'S ENTIRE SUIT.

The court signed its first order on October 21, 2014. CR 68. The order stated that the motion was properly filed after adequate time for discovery and that Mr. Daniels could not produce evidence raising a genuine issue of material fact on the elements of his DTPA claims against Bertolino and that Bertolino's motion would therefore be granted. CR 68. However, the court included in the order the following language:

> This judgment finally disposes of all parties and all claims and is therefore final and appealable.

CR 68. This order was entered on October 23, 2014. CR 68.

For reasons that remain unclear, the court signed a second order on October 30, 2014. SCR 122. This order differed from the October 23 order in two major respects. CR 68; SCR 122. First, it stated that the DTPA claims were dismissed with prejudice. CR 68; SCR 122. Second, the first paragraph made no mention of the specific claims that were the subject of Bertolino's motion, but the phrase "as to DTPA" was handwritten and inserted. CR 68; SCR 122. However, as with the October 23 order, the October 30 order stated:

> This judgment finally disposes of all parties and all claims and is therefore final and appealable.

SCR 122. The second order was entered on the day it was signed. SCR 122.

This appeal followed.

## SUMMARY OF ARGUMENT

Mr. Daniels had asserted several theories of recovery against Bertolino, but Bertolino's no-evidence summary judgment challenged only one – his DTPA claim for misrepresentation. Therefore, when the trial court ruled on the motion but issued an order that purported to fully and finally dispose of all claims as to all parties, the trial court erroneously terminated Mr. Daniels's case. The matter must therefore be reversed and remanded for further proceedings on Mr. Daniels's remaining claims.

Moreover, the court abused its discretion in even deciding the order on its merits by finding that adequate time for discovery had elapsed. Discovery had not even begun in earnest. Bertolino had claimed only twenty-three days earlier, in a response to Mr. Daniels's traditional motion for summary judgment, that the lack of time for discovery in the case meant that consideration of Mr. Daniels's motion would constitute a denial of due process. Finally, despite Bertolino's best efforts to prevent discovery on the claims against him, Mr. Daniels did have sufficient evidence on the record to defeat summary judgment on the challenged elements of his DTPA claim. The grant of summary judgment should therefore be reversed as well.

## ARGUMENT

### A. THE FINAL ORDER IMPROPERLY DISPOSED OF THE ENTIRE LAWSUIT.

#### 1. Summary Judgment Orders Can Only Grant Relief on the Specific Grounds Presented in the Motion.

The order entered by Judge Strauss could not legally dispose of all parties and all claims because the motion for summary judgment and the order addressed only Mr. Daniel's DTPA claims. A motion for summary judgment must "state the specific grounds therefore." TEX. R. CIV. P. 166a(a); *Sanders v. Capitol Area Council, BSA*, 930 S.W.2d 905, 910 (Tex. App.—Austin 1996, no pet.). In the case of no-evidence summary judgments in particular, "[t]he motion must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 338 (Tex. 1993) ("grounds for summary judgment must be expressly presented in the summary judgment motion itself"); *Sanders*, 930 S.W.2d at 910. Moreover, the order on any motion for summary judgment is limited to the specific grounds for the motion. In fact, "[i]t is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding." *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983) (reversing and remanding case in which summary judgment was granted on only one of the plaintiff's four causes of action).

## 2. An Overbroad Order Should Be Reversed and Remanded.

An order that rules on matters outside the summary judgment motion and hearing is overbroad and therefore erroneous. In cases in which "the judgment grants more relief than requested, it should be reversed and remanded." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 202 (Tex. 2001); *see also id.* at 204 ("Granting more relief than the movant is entitled to makes the order reversible") *and Chessher*, 658 S.W.2d at 564. By way of example, the Texas Supreme Court has explained:

> If a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final – erroneous, but final.

*Lehmann*, 39 S.W.3d at 200.

## 3. Judge Strauss's Order Purported to Be Final, But the Motion Challenged Only Mr. Daniels's DTPA Claims.

The Supreme Court's example in *Lehmann* is precisely what happened here. Mr. Daniels had included alternative theories of recovery in his pleadings in addition to his DTPA claims – specifically, common law fraud, fraudulent inducement, misrepresentation, and quantum meruit or unjust enrichment. CR 15-16. Bertolino's motion for summary judgment did not challenge any of those causes of action. CR 46-47. The greatest relief the court could have granted was summary judgment in

Bertolino's favor on Mr. Daniels's DTPA claims because the alternative theories of recovery were not before the court.

However, Judge Strauss included language in his order stating that he was "finally dispos[ing] of all parties and all claims" and thus his intent to enter a final order was clear. As the Texas Supreme Court has stated:

> [T]he language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties.

*Lehmann*, 39 S.W.3d at 200. Dismissing Mr. Daniels's suit in its entirety was erroneous; therefore, this Court should reverse and remand the matter for further proceedings.

### 4. Mr. Daniels Had Asserted Several Other Theories of Recovery in His Pleadings.

Bertolino may have improperly focused only on Mr. Daniels's "amended" pleading, perhaps believing that Mr. Daniels effectively nonsuited his alternative theories of recovery by not including them in the later "amended" pleading. However, Mr. Daniels's "amended" pleading was merely misnamed. It was not truly an amended pleading, which is operates as a substitute for the prior pleading and should be "entire and complete in itself." TEX. R. CIV. P. 64 *and* 65. Rather, it operated as a supplemental pleading, which does not "repeat allegations formerly pleaded further than is necessary as an introduction" and operates with the original

petition to "constitute separate and distinct parts of the pleadings of each party." TEX. R. CIV. P. 69.

Mr. Daniels's Original Petition was a six-page document containing each of the essential parts of a petition. CR 12-17. The "amended" petition, on the other hand, contained only the parties' identity and the assertion that Mr. Daniels was also seeking relief under the DTPA. CR 21. Clearly the subsequent pleading was a Rule 69 supplement, not a true amended petition. As such, the court should have "treat[ed] the plea or pleading as if it had been properly designated" as required by TEX. R. CIV. P. 71.

At no point did Bertolino challenge the pleadings, request special exceptions to clarify Mr. Daniels's causes of action, or otherwise secure a ruling that the supplemental pleading's DTPA claims were the only live claims in the litigation. Moreover, Mr. Daniels was under no duty to object to Bertolino's failure to include the other causes of action he pled but that Bertolino excluded from his motion. *McConnell*, 858 S.W.2d at 338; *Sanders*, 930 S.W.2d at 910 ("A nonmovant . . . does not have a duty to except to a ground not presented in the motion but which the movant might have relied on as a ground for summary judgment"); *McKillip v. Employers Fire Ins. Co.*, 932 S.W.2d 268, 271 (Tex. App.—Texarkana 1996, no writ). Finally, the parties continued their motion practice after the hearing and the

judge's letter order, but before the order giving rise to this appeal, strongly indicating that the parties did not believe that the summary judgment that Bertolino secured disposed of the litigation in its entirety.  CR 55-61.

Because the trial court erroneously granted summary judgment on claims not identified in Bertolino's motion for summary judgment, Appellant Stephen M. Daniels respectfully requests that this Court reverse the trial court's dismissal of his non-DTPA claims and remand for further proceedings.

**B.     THE SUMMARY JUDGMENT MOTION WAS UNTIMELY AND IMPROPER.**

**1.     Whether the Parties Had Adequate Time for Discover Is Generally Within the Discretion of the Trial Court.**

The Court abused its discretion in making the threshold determination that adequate time for discovery had elapsed.  A party may move for summary judgment under TEX. R. CIV. P. 166a(i) only "after adequate time for discovery."  The official comment to the rule states:

> Paragraph (i) authorizes a motion for summary judgment based on the assertion that, ***after adequate opportunity for discovery***, there is no evidence to support one or more specified elements of an adverse party's claim or defense. ***A discovery period set by pretrial order should be adequate opportunity for discovery*** unless there is a showing to the contrary, and ***ordinarily a motion under paragraph (i) would be permitted after the period but not before.***

(Emphasis added.) An appellate court "review[s] a trial court's determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse-of-discretion standard." *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). The trial court does not have unlimited discretion but instead "is required to exercise a sound and legal discretion within limits created by the circumstances of the particular case." *Womack v. Berry*, 291 S.W.2d 677, 683 (Tex. 1956); *see also Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011). A trial court "abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case" or "when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles." *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

Some courts, including this Court, have identified the following nonexclusive factors relevant to determining whether the trial court permitted adequate time for discovery:

> (1) The nature of the case;
>
> (2) The nature of the evidence necessary to controvert the no-evidence motion;
>
> (3) The length of time the case was active;
>
> (4) The amount of time the no-evidence motion was on file;

(5) Whether the movant had requested stricter deadlines for discovery;

(6) The amount of discovery that already had taken place; and

(7) Whether the discovery deadlines in place were specific or vague.

*Akhter v. Schlitterbahn Beach Resort Mgmt.,* LLC, No. 03-13-00117-CV, 2013 Tex. App. LEXIS 10522, 2013 WL 4516130, *7 (Tex. App.—Austin August 22, 2013, no pet.) (citing *Restaurant Teams Int'l, Inc. v. MG Secs. Corp.*, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002 no pet.)); *McInnis*, 261 S.W.3d at 200 (Tex. App.— Houston [14th Dist.] 2008, no pet.); *D.R. Horton-Tex. Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 223 (Tex. App.—Fort Worth 2013, no pet.); *In re Guardianship of Patlan*, 350 S.W.3d 876, 884 (Tex. App.—San Antonio 2011, no pet.).

**2.      The Facts and Circumstances in This Case Show that the Trial Court Abused Its Discretion.**

None of the above factors support a finding in this case that Mr. Daniels had been afforded adequate time for discovery. The claims Mr. Daniels had asserted against Bertolino were comparatively fact-specific, many of which require investigation into Bertolino's intent and knowledge. *See, e.g., Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986) ("Since intent to defraud is not

susceptible to direct proof, it invariably must be proven by circumstantial evidence. 'Slight circumstantial evidence' of a fraud . . . is sufficient to support a finding of fraudulent intent.") (citations omitted); *Schlumberger Well Surveying Corp. v. Nortex Oil and Gas Corp.*, 435 S.W.2d 854, 858 (Tex. 1968) (because a civil conspiracy turns on issues of intent, "proof of a conspiracy may be, and usually must be made by circumstantial evidence"); *Allen v. Albin*, 97 S.W.3d 655, 664-65 (Tex. App.—Waco 2002, no pet.) (reversing summary judgment on the grounds that a jury would be entitled to make an inference from a conversation to support claim that a dog owner knew that her dog had dangerous propensities); *Clemons v. Tex. Concrete Materials, Ltd.*, 2010 Tex. App. LEXIS 8394, No. 07-09-0032-CV, *12 (Tex. App.—Amarillo October 19, 2010, no pet.) (reversing and remanding summary judgment, citing *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 640 (5th Cir. 1985), and stating that summary judgment inappropriate to resolve claims involving "nebulous questions of motivation and intent"); *Turner v. Franklin*, 325 S.W.3d 771, 782-83 (Tex. App.—Dallas 2010, pet. denied) (noting that "because issues of intent are usually best left to the trier of fact to resolve based on all the evidence and surrounding circumstances, determining that issue by summary judgment usually will be inappropriate"). In fact, three of the five elements challenged in the motion were Bertolino's knowledge, whether he withheld

information, and his intent in doing so. CR 46. Challenging those elements requires either the deposition of Bertolino or a substantial amount of circumstantial evidence, if not both.

When Bertolino filed his motion, the matter had been on the Travis County District Court docket for less than two months. CR 18-19; CR 46-48. Discovery was on hold prior to the transfer to Travis County because of Bertolino's pending motion to transfer venue. At the time of the hearing on Bertolino's no-evidence motion, the motion had been on file for just over a month. Although Mr. Daniels had propounded discovery on Bertolino, he had refused to answer. CR41; CR 49.

The case had been filed as a Level 2 case pursuant to Rule 190.3, which fixes the end of the discovery period as either thirty days before trial or nine months after the date of the first oral deposition or the due date of the first response to written discovery. CR 12; TEX. R. CIV. P. 190.3(b)(1)(B). No trial date had been set, and no party had taken a deposition. Bertolino has explained his failure to respond to Mr. Daniels's written discovery requests by claiming he never received them. CR 27. If that is true, then the discovery period never began. Consideration of these factors therefore demonstrates that the two months between the transfer and the motion cannot in these circumstances reasonably be considered "adequate time for discovery."

**3. Bertolino Himself, Just Days Before, Had Asserted that Summary Judgment Would Deprive the Litigants of Due Process of Law.**

Moreover, Bertolino asserted that as of August 5, 2014 – approximately three weeks before he filed his motion – he had "had no opportunity to conduct reasonable discovery in this matter." CR 26. In fact, Bertolino contended that Mr. Daniels's

> filing of a Motion for Summary Judgment *without providing [Bertolino] an opportunity to conduct discovery* that would negate [Mr. Daniels's] allegations and/or establish affirmative defenses *denies [Bertolino] of his right to due process of law*.

CR 26 (emphasis added). Notably, these assertions were contained in a verified pleading, which means that Bertolino swore that the statements pertaining to the status of discovery and the effect it would have on his due process were within his personal knowledge and were true and correct. Additionally, these protestations were in response to Mr. Daniels's traditional motion for summary judgment, which – unlike no-evidence summary judgment motions – are not required to be filed after an adequate time for discovery.

No material change occurred in the twenty-three days that passed between Bertolino's August 5 response and his August 28 motion – except that at the beginning of the month, Bertolino benefited by claiming lack of adequate time for discovery, but by the end, the opposite was true.

**4. Permitting a No-Evidence Summary Judgment Prior to Discovery Defeats the Purpose of Summary Judgment.**

As the Supreme Court has stated, "the ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (quotations omitted). The purpose of summary judgment is "to eliminate patently unmeritorious claims and untenable defenses." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979). The discovery period is the best indicator of an adequate time for discovery. *McInnis*, 261 S.W.3d at 201; *see also* TEX. R. CIV. P. 166a(i) cmt. For these reasons, the Supreme Court has indicated that "the no-evidence rule, by its very language, is to be used following discovery." *Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009).

No-evidence summary judgment motions are therefore appropriate only when a defendant reasonably believes that if any evidence were to exist in support of a plaintiff's claims, discovery would have uncovered it by the time the movant filed his motion. As a matter of law, it should not be available at the earliest stages of litigation as a weapon to catch a pro se plaintiff on his heels. In this case, the discovery period may not have even begun, much less ended. Under no reasonable

interpretation of Rule 166a(i) should any trial court have allowed Bertolino to proceed with his motion, much less prevail on it.

### 5. Allowing Such Motions Will Allow Defendants to Manipulate the Discovery Process.

As shown by the foregoing, the trial court's finding that adequate time for discovery had elapsed was an arbitrary and unreasonable decision lacking support in the facts and circumstances of this case. *See, e.g., Samlowski*, 332 S.W.3d at 410. If the Court allows Bertolino to use the Rule 166a(i) summary judgment motion in this way, then defendants will have a tool to usurp the discovery processes that should be governed by TEX. R. CIV. P. 190. Trial courts routinely limit continuances to thirty days, so if a defendant wanted to press a plaintiff to hurriedly conduct discovery, he could simply file a no-evidence motion for summary judgment. A plaintiff could be rushed to identify experts, take depositions, and otherwise conduct discovery not on the schedule laid out in Rule 190 or a pretrial scheduling order, but on a schedule dictated by defendant's summary judgment motion practice and the court's oversight of the parties' discovery through motions for continuance.

Such pretrial litigation strategies should not be available. To permit Rule 166a(i) to be used as a sword by an aggressive defendant to close off a plaintiff's causes of action runs afoul of former Chief Justice Phillips's pronouncement regarding the operation of the no-evidence rule when it was promulgated:

> The bench and the bar should note that ***the burden will never shift to the non-movant to establish a fact issue until there has been an adequate opportunity for discovery***, which ordinarily will not occur until after the close of any court ordered discovery period.

Thomas R. Phillips, *Texas Supreme Court Update*, 60 Tex. B.J. 858, 861-62 (1997) (emphasis added).

Appellant Stephen M. Daniels therefore respectfully requests that the Court reverse the trial court's grant of summary judgment on the grounds that the trial court's conclusion that an adequate time for discovery had elapsed constituted an abuse of the trial court's discretion.

## C. THE RECORD CONTAINED SUFFICIENT EVIDENCE TO DEFEAT SUMMARY JUDGMENT.

Even if there had been adequate time for discovery, summary judgment would still have been improper because the record contained sufficient evidence of each of the challenged elements of Plaintiff's claims to survive summary judgment. On appeal, a summary judgment is reviewed de novo. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). A no-evidence motion for summary judgment is equivalent to a pretrial directed verdict. *King Ranch, Inc v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Therefore, on appeal, this Court should consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences,

and indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

### 1. Plaintiff Is a Consumer who Incurred Damages.

Bertolino first contended that Mr. Daniels had no evidence that Mr. Daniels was a consumer who incurred any damages. However, Bertolino acknowledged in his original answer that Mr. Daniels was his former client. CR 3. Additionally, the engagement agreement between Mr. Daniels and Bertolino was made part of the court's record on July 10, 2014 and was therefore on file when Bertolino filed his motion. SCR 18-21; SCR 3. The engagement agreement sets out the terms of the engagement and includes a payment schedule. SCR 18-21. Finally, Mr. Daniels's affidavit in support of his own summary judgment motion demonstrates that he paid $200 for the initial consultation and made subsequent payments in accordance with the agreed schedule. CR 10-11. Therefore, more than a scintilla of evidence existed to support Mr. Daniels's claim that he was a consumer who incurred damages as a result of Bertolino's malfeasance arising out of the attorney-client relationship.

**2.    Defendant Knew and Withheld Information Concerning His Services, Intending to Induce and in Fact Inducing Plaintiff into a Transaction.**

Bertolino also claimed that no evidence existed that he knew and withheld information about the services he offered and sold to Mr. Daniels, and that he did so intending to induce Mr. Daniels into hiring him. Bertolino's knowledge at the time of the attorney-client engagement likely requires circumstantial evidence, unless Bertolino were to decide to be unexpectedly helpful. Nonetheless, the record shows that at the time of the initial consultation, Bertolino inflated Mr. Daniels's hopes of recovery. CR 10. Bertolino is an attorney with over a decade of experience claiming to "offer honest answers and straightforward advice" and promising that "[i]f we don't believe you have a legitimate case, we'll tell you." Appx. C, p. 2. Bertolino, like any attorney claiming the experience he advertises in professional liability matters, knew that cases such as Mr. Daniels's require an attorney expert to support a plaintiff's claims. SCR 42 (agreeing that "an expert is generally necessary to instruct a jury on the issues of standard of care and proximate cause"); *see also* SCR 65. He had no such attorney expert at the time he took Mr. Daniels's case and his money, and he did not secure an attorney expert before the second hearing on the summary judgment that ultimately disposed of the case that Mr. Daniels had hired him to handle. SCR 42. Bertolino's absence at that summary judgment hearing – at

which Mr. Daniels was instead represented by Trevor Young, a brand-new attorney – supports the conclusion that Bertolino held out little hope for Mr. Daniels's case. Taken together, this evidence easily raises a scintilla of evidence that Bertolino knew Mr. Daniels's case against Canfield was weak if not wholly untenable; that he withheld that information; that he did so intending for Mr. Daniels to engage his services and pay money; and that if Mr. Daniels had known Bertolino's assessment of the merits of his case, he would not have hired and paid Bertolino.

**D.      IN THE ALTERNATIVE, MR. DANIELS SHOULD RETAIN THE RIGHT TO ASSERT ADDITIONAL DTPA CLAIMS AGAINST BERTOLINO.**

If this case is reversed and remanded, but the court elects not to disturb the trial court's grant of summary judgment, Mr. Daniels respectfully requests that he be permitted to amend his pleadings to assert claims under the DTPA other than those in his original pleadings. Plaintiffs are generally permitted to amend their pleadings as the litigation progresses and as discovery develops. TEX. R. CIV P. 63; see also *Tower Contracting Co. v. Flores*, 302 S.W.2d 396, 400 (Tex. 1957). For example, even if this Court affirms the trial court's order on Bertolino's no-evidence summary judgment motion, Mr. Daniels should be permitted to maintain a claim under TEX. BUS. & COM. CODE §17.46(b)(12) on the grounds that Bertolino represented that the engagement agreement he prepared confers the right to prevent Mr. Daniels from accepting a settlement offer without Bertolino's consent. SCR 19;

TEX. DISC. R. PROF. COND. 1.02(a)(2) cmt 5. Mr. Daniels should also be permitted to plead a claim under TEX. BUS. & COM. CODE §17.46(b)(22) on the grounds that Bertolino did not in fact perform the services for which he invoiced Mr. Daniels. Mr. Daniels therefore requests that if the summary judgment remains undisturbed then the Court's order clearly affirm Mr. Daniels's right to plead and conduct discovery on DTPA claims that rest on legally and factually distinct grounds from those that were the subject of Bertolino's no-evidence motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Appellant Stephen M. Daniels files this brief asking the Court to reverse the grant of summary judgment in favor of Appellee Bertolino and remand this matter for proper determination on the merits. At a minimum, Mr. Daniels's non-DTPA claims, which were not challenged by Bertolino's motion, must be remanded. Additionally, the DTPA claims should also be remanded because the motion was filed well before adequate time for discovery had passed and because more than a scintilla of evidence existed in the record on each of the elements challenged by Bertolino.

Dated: March 5, 2015

Respectfully submitted,

THE LAW OFFICE OF ELEANOR RUFFNER, P.C.
1403 West Sixth Street
Austin, Texas 78703
(512) 913-7576
(512) 681-0800 (fax)

By:     /s/ Eleanor Ruffner
        Eleanor Ruffner
        State Bar No. 24047034
        eruffnerlaw@gmail.com


## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this brief contains 7,543 words. This is a computer generated document created in Microsoft Word, using 14 point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.


## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2015, I served a copy of the foregoing document on counsel of record via email as follows:

    Tony Bertolino (tbertolino@belolaw.com)
    Hiba Kazim (hkazim@belolaw.com)
    BERTOLINO LLP
    823 Congress Avenue, Suite 704
    Austin, Texas 78701

                    /s/ Eleanor Ruffner
                    Eleanor Ruffner

# APPENDIX

**Tab   Document**

A       Order (October 21, 2014)

B       Order (October 30, 2014)

C       Website of Bertolino LLP:  www.belolaw.com (accessed on February 24, 2015)

D       Affidavit of Stephen M. Daniels (February 6, 2014)

E       Bertolino's Verified Motion for Continuance and Motion for Sanctions (August 5, 2015)

F       Reporter's Record, No Evidence Motion for Summary Judgment in *Daniels v. Canfield* (April 15, 2013)

G       Affidavit of Fred E. Davis (September 19, 2014).

# APPELLANT'S APPENDIX

# TAB A

From: POSTAL EXPRESS Fax: (877) 731-9897     To: +16124765758    Fax: +15124765768     Page 2 of 3   10/06/2014 11:36

Oct. 6. 2014 11:33AM Mail                                     No. 4629   P. 2/3

Filed in The District Court
of Travis County, Texas

OCT 23 2014   RT

At _____ 10:00 A M.

Amalia Rodriguez-Mendoza, Clerk

NO. D-1-GN-14-002146

| | | |
|---|---|---|
| STEPHEN M. DANIELS | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 250th JUDICIAL DISTRICT |
| | § | |
| TONY R. BERTOLINO | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S
## MOTION FOR NO EVIDENCE SUMMARY JUDGMENT

On September 30, 2014, the Court considered *Defendant's Motion for No Evidence Summary Judgment.* The Motion was properly filed after an adequate time for discovery had passed. After reviewing the evidence and hearing the arguments made by the Plaintiff and the Defendant, the Court finds that the Plaintiff could not produce evidence raising a genuine issue of material fact on the elements of the Plaintiff's Deceptive Trade Practices Act claims against the Defendant. Accordingly, the Motion is GRANTED.

IT IS THEREFORE ORDERED that Plaintiff's Deceptive Trade Practices Act claims are hereby disposed of on the merits.

This judgment finally disposes of all parties and all claims and is therefore final and appealable.

SIGNED on Oct. 21, 2014.

JUDGE GUS STRAUSS

APPROVED AS TO FORM:

Tony R. Bertolino
TBN 24038766
Hiba Kazim
TBN 24076952
823 Congress Avenue
Suite 704
Austin, Texas 78701
Tel. (512) 476-5757
Fax. (512) 476-5758
Email: tbertolino@bclolaw.com

Stephen M. Daniels
Pro se Plaintiff
8323 Clays Point
San Antonio, Texas 78257

2

69

# APPELLANT'S APPENDIX

# TAB B

Filed in The District Court
of Travis County, Texas

OCT 3 0 2014

At _____ 12:05 A.M.
Amalia Rodriguez-Mendoza, Clerk

NO. D-1-GN-14-002146

| | | |
|---|---|---|
| STEPHEN M. DANIELS<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 250th JUDICIAL DISTRICT |
| | § | |
| TONY R. BERTOLINO<br>Defendant. | § | TRAVIS COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S
## MOTION FOR NO EVIDENCE SUMMARY JUDGMENT

On September 30, 2014, the Court considered *Defendant's Motion for No Evidence Summary Judgment.* The Motion was properly filed after an adequate time for discovery had passed. After reviewing the evidence and hearing the arguments made by the Plaintiff and the Defendant, the Court finds that the Plaintiff could not produce evidence raising a genuine issue of material fact on the elements of the Plaintiff's claims against the Defendant As to DTPA Accordingly, the Motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's claims under the Deceptive Trade Practices Act are hereby **DISMISSED WITH PREJUDICE**.

This judgment finally disposes of all parties and all claims and is therefore final and appealable.

SIGNED on October 30, 2014.

JUDGE GUS STRAUSS

122

# APPELLANT'S APPENDIX

# TAB C

# BERTOLINO LLP
### A LAW FIRM OF ATTORNEYS AND COUNSELORS

GET
THE
HELP
YOU NEED

**AUSTIN • HOUSTON • SAN
ANTONIO**

HOME    OUR FIRM    CONTACT

# 800-210-0126

# MEDICAL BO
## DEFENSE LAWYER

AUSTIN   •   HOUSTON   •
**512-476-5757**    **713-225-7474**

| Divorce and Child Custody | Medical License Defense | Professional License Defense | Probate and Estates |





# Personal Injury, License Defense and Divorce Lawyer. Serving Austin, Houston and San Antonio Tx

Exceptional, attentive, dedicated, driven – these are just some of the words people use to describe the Bertolino Law Firm. A full-service,

results-oriented law firm in Texas, Bertolino LLP has an impeccable reputation throughout the Lone Star State. We're the law firm lawyers and other professionals turn to when they have a legal issue.

Our hard-working, knowledgeable lawyers also have a well-deserved reputation for successfully resolving probate-related matters, divorce cases and car accidents. With offices in Austin, Houston and San Antonio, the Bertolino Law Firm handles some of the largest, most complicated cases in the state. There's often no room for error. People's lives and professional careers are often on the line. Our attorneys thrive in a pressure-packed environment. We're committed to our clients. We deliver results.

## The Texas Personal Injury Law Firm of Bertolino LLP

I was recently asked an interesting question by a prospective client. What distinguishes your law firm from other law firms. And I got to thinking about it and it seems to me there are three things, three distinguishing qualities that I've recognized since I've begun my own practice. First is the compassion. Secondly is the attentiveness. And thirdly is the aggressiveness.

"Your case counts. We can help. We're on your side."



Live Representative Available
Hello, my name is Nicole, how may I assist you?
Powered by ApexChat

## Your case counts. We can help. We're on your side

Choosing the right attorney can make all the difference in the outcome of your case. The professional license defense lawyers at Bertolino Law Firm have consistently won significant cases for doctors, nurses, lawyers, architects, pharmacists and other professionals dealing with issues that could jeopardize their ability to work. We fight to win.

The same applies to car accidents, probate cases, divorce law and a wide range of personal injury cases. We know how to win. Our results speak for themselves. You want an attorney from the Bertolino Law Firm in your corner if you're dealing with a serious legal issue. You need someone who thoroughly understands the law and will do whatever it takes to find the facts to build a rock-solid case. But don't take our word for it. Discover for yourself. Contact us. We offer a case evaluation to all potential clients. One of our knowledgeable attorneys can meet with you and discuss the details of your case. If we don't believe you have a legitimate case, we'll tell you. We offer honest answers and straightforward advice. Our dedicated lawyers take the time to learn about each case, because we know that no two cases are alike. We don't just blindly offer advice. We will work with you and help you decide the best course of action. We're on your side.

## Divorce, child custody, medical license defense, probate, estates and more

This may be your only opportunity for justice. Make the most of it. Contact us today. Discover what the Bertolino Law Firm can do for you. Call 512-476-5757 and schedule an appointment at our Austin office. To reach our San Antonio office, call 210-223-5553. Our Houston office can be reached at 713-225-7474. The Bertolino Law Firm – where success matters.

## CONTACT US TODAY

Name

Phone

Email

Tell us about your case

☐ I have read the **disclaimer.**

**SUBMIT**



STATISTICS ON DIVORCE
THE INFOGRAPHIC

**Click Here to Download a Printable Version**

    



# Personal Injury

## Serving Austin, Houston and San

## Antonio

<u>Personal injury</u> accidents demand immediate legal action. When you're injured in an accident or a loved one is injured or killed, you need to act fast to make sure you protect your rights. This includes making sure you're fairly compensated for your losses and any other costs associated with the accident. We know that an accident is about more than just money. It's about justice. It's about holding people accountable for their actions. That's why we work so hard for every personal injury client. The Bertolino Law Firm – car accident lawyer Austin TX.

### Personal injury cases can be complicated. We can help

The Texas personal injury lawyers at the Bertolino Law Firm work hard every day to help families get their lives back on track. Some of the most common personal injury cases we handle include slip and fall accidents, premises liability, wrongful death, medical malpractice and workplace accidents. You shouldn't have to pay for someone else's mistakes. Hold people accountable for their actions.

**CONTACT US**

# Defending Licensed Professionals

## Serving Austin, Houston and San Antonio

Earning a professional license in Texas often takes many years of training. When someone files a formal complaint that could threaten your license and your career, you need to take decisive, immediate legal action. Don't assume the complaint

"We leave no stone unturned when your



will go away because you believe it does not have any merit. Take such complaints seriously right from the start. You need an experienced, knowledgeable, trustworthy professional license defense lawyer on your side, fighting for your rights. The Bertolino Law Firm – medical board defense lawyer Texas.

career is at stake."

### Fighting for the rights of licensed professionals

Serving licensed professionals throughout Texas, the Bertolino Law Firm has a well-deserved reputation for helping people get their lives back on track. If someone has filed a complaint you or your business, we can work with you a winning case and do everything we can to get such complaints dismissed.

**CONTACT US**

## Divorce and Child Custody
### Serving Austin, Houston and San Antonio

"Our focus is on your best interests and those of your children."

Knowing your rights during divorce proceedings or child custody negotiations can make a significant difference in the outcome of your case. If you are not sure what you are legally entitled to receive or how to handle such complicated legal matters, your actions could cost you precious time or money that's rightfully yours. Don't take chances. Contact an effective Texas divorce lawyer who will look out for your best interests. Contact the Bertolino Law m – divorce lawyer Austin TX.

milies in crisis throughout Texas

enced, knowledgeable Austin, TX divorce e completely dedicated to working



lients. We realize what's at stake for
uch sensitive negotiations. That's
for our clients. We realize the
e now could have an impact on
o your family for the rest of your

**CONTACT US**

# Probate and Estates

## Serving Austin, Houston and San Antonio

Probate and estate law in Texas demands highly skilled, detail-oriented attorneys. With so much at stake, you need to make sure the lawyer handling your legal documents knows exactly what he or she is doing. Any error could cost you or your family millions of dollars in assets. Wills or trusts written incorrectly could have serious, unexpected tax consequences. We understand the high stakes. The Bertolino Law Firm – probate lawyer Austin TX.

### Detail-oriented, results-driven Texas law firm

Having an experienced Austin, TX probate la
working with you on probate and estate pl
matters can make a dramatic difference i
family's lives. You worked hard to accu
assets. Make sure they're distributed e
way you intended them. Contact the E
Firm today.

**CONTACT US**

## Lifestyle Clauses in Texas Prenuptial Agreements

Couples divorcing in Austin, Round Rock, Cedar Park, Georgetown and San Marcos will need to divide up property and assets. This process can quickly become contentious and messy, and it can have a big financial impact on your life. Just recently, the news has been full of reports of one of the largest divorce settlements in U.S. history. An oil tycoon was ordered to pay his ex close to $1 billion as...

**READ MORE**

## Texas Athlete Allegedly Kills Three in Drunk Driving Wreck on Christmas Eve

Two families in El Paso had to experience Christmas with the stunning loss of loved ones due to the foolish decision of one man to get behind the wheel of a car after drinking. Joel Garcia, who is an amateur boxer in Texas, was arrested on three counts of intoxication manslaughter after driving through a red light going 90mph on Christmas Eve and plowing into a 2004 Pontiac that was carrying brothers...

**READ MORE**

## When Holiday Shopping Gets Violent

It's the holiday season once again. That means road trips for long-awaited visits with family, school pageants at which hundreds of parents vie for the best spot to hold up their cameras or smart phones, and endless streams of wonderful food at office and home. It also can be the time of crowded stores, impatient shoppers, and even retail violence as people shove and fight to get access to the hot...

**READ MORE**

## Find Us Online



★★★★★ **Excellent Lawyers!**

*-John D.*

**Tony R. Bertolino- @BertolinoLaw**
Discover what the Bertolino Law Firm can do for you. Schedule a consultation now!
belolaw.com/about/
a month ago from Tony R. Bertolino's Twitter



 **BERTOLINO LLP**

What are Lifestyle Clauses in Premarital Agreements?
belolaw.com/divorce-attorney/lifestyle-clauses-in-texas-prenuptial-agreements



Lifestyle Clauses in Texas Prenuptial Agreements - Bertolino LLP
belolaw.com

A family law attorney knows that any divorce can lead to fighting over what happens to your financial affairs.

Feb 17th 12:58pm • No Comments

# TELL US ABOUT YOUR LEGAL MATTER

Name | Phone | Email

Tell us about your case

**SUBMIT**

☐ I have read the disclaimer.

# Links

Home

Home (en Español)

Our Firm

Our Attorneys

Contact Us

Case Evaluation

Our Results

Privacy Policy

Disclaimer

Careers

Site Map

Testimonials

## Practice Areas

**Divorce and Child Custody**

**Medical License Defense**

**Professional License Defense**

**Probate and Estates**

**Car Accidents**

**Personal Injury**

**En Español**

**Austin Office:**
Bertolino, LLP
823 Congress
Avenue
Suite 704
Austin, Texas 78701
*Phone :*
*512.476.5757*

**San Antonio Office:**
Bertolino, LLP
4 Dominion Drive
Bldg 4, Suite 250
San Antonio, Texas
78257
*Phone :*
*210.223.5553*

**Houston Office:**
Bertolino, LLP
San Felipe Plaza
5847 San Felipe
Suite 1700
Houston, Texas
77057
*Phone :*
*713.225.7474*

**BERTOLINO** LLP
A LAW FIRM OF ATTORNEYS AND COUNSELORS

Copyright © 2015 Bertolino LLP. All Rights Reserved.



# APPELLANT'S APPENDIX

# TAB D


2013CI19729 -P00013

D-1-GN-14-002146 IN THE 250TH DISTRICT COURT

## NO. 2013-CI-19729

| STEPHEN M. DANIELS | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 073RD |
| | § | |
| | § | |
| TONY R. BERTOLINO | § | |
| Defendant, | § | BEXAR COUNTY, TEXAS |

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
14 FEB 12 AM 10: 47
DEPUTY

## STEPHEN M. DANIELS' AFFIDAVIT IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT

BEFORE ME, the undersigned authority, on this day personally appeared STEPHEN M. DANIELS, who swore or affirmed to tell the truth and stated as follows:

1.  My name is Stephen M. Daniels ("Affiant"). I am of sound mind and capable of making this sworn statement. I have personal knowledge of the facts written in this statement. I understand that if I lie in this statement, I may be held criminally responsible. This statement is true. I am over 18 years old.

2.  On February 22, 2012, I met with Tony R. Bertolino to discuss filing a legal malpractice lawsuit against an attorney who had filed a previous claim ( the underlying case)on my behalf. The court ruled that this case had no merit. I paid him $200.00 for this consultation.

3.  The reason for filing the claim was because the previous case had no merit. Mr. Bertolino encouraged and motivated me to proceed by telling me I was shooting 'too low' in regards to the amount I was asking in damages and that my chances would be better in District Court in front of a jury.

4.  During this consultation, he informed me he would take the case once I paid him an initial $3,500.00 and agree to pay him $500.00 per month for the next twelve months.

5.  During this consultation, Mr. Bertolino <u>never informed me that in order to prevail in a legal malpractice lawsuit, the underlying case must have merit.</u>

6.  During this consultation, Mr. Bertolino <u>never mentioned or informed me anything about a No-Evidence Motion for Summary Judgment being part of the process.</u>

7.  On April 2, 2012, I retained Tony R. Bertolino with a retainer of $3,500.00 and

DOCUMENT SCANNED AS FILED

signed a fee agreement that commencing May, the following month, I would start making monthly payments of $500.00 for the next 12 months. Again, he did not address the merits of the underlying case or anything about a No-Evidence Motion for a Summary Judgment.

8. On April 1, 2013, I made my last $500.0 payment according to the Attorney/Client Fee Agreement.

9. On April 15, 2013, a No-Evidence Summary Judgment was granted to the Defendant based on the fact that the underlying case had no merit..

10. Although the Attorney/Client Fee Agreement specifically stated that $3,500.00 was designated for 'legal work' and the remaining $6,000.00 for 'legal representation, Mr. Bertolino sent me April and May invoices for legal fees that totaled over $5,600.00.

11. I have personal knowledge of the facts stated above, and they are true and correct. I have not received compensation of any sort in return for any statement.

Stephen M. Daniels

SUBSCRIBED AND SWORN BEFORE ME on : 6 Feb 2014

JUAN CANDELARIO DAVILA
MY COMMISSION EXPIRES
July 14, 2015

Notary Public, State of Texas

DOCUMENT SCANNED AS FILED

11

# APPELLANT'S APPENDIX

# TAB E

NO. D-1-GN-14-002146

| | | |
|---|---|---|
| STEPHEN M. DANIELS | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 250th JUDICIAL DISTRICT |
| | § | |
| TONY R. BERTOLINO | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

---

**DEFENDANT'S MOTION FOR**
**CONTINUANCE AND MOTION FOR SANCTIONS**

---

NOW COMES, TONY R. BERTOLINO, as Defendant herein, and files this *Motion for Continuance and Motion for Sanctions*, and shows the Court:

## I.     FACTUAL BACKGROUND

1.     This matter initiated in its proper venue on July 1, 2014 with the filing of the *Original Petition* in Travis County.

2.     On or about July 14, 2014, Plaintiff served *Notice of Summary Judgment Hearing* by U.S. certified mail.[1] However, Plaintiff has neglected to serve the Motion itself. To this date, Defendant has not been served a *Motion for Summary Judgment* in this matter. Prior to receipt of the *Notice of Summary Judgment Hearing*, Defendant had not been sent notice that a motion for summary judgment was filed in this matter.

3.     Every document Defendant has served on Plaintiff has been served by certified mail with a return address to a proper address of service for the Defendant. Defendant's signature block contains Defendant's proper address for service. Moreover, Plaintiff has served at least one filing, *Plaintiff's Motion to DENY Transfer of Venue*, on Defendant's proper address for service. Plaintiff is more than aware of the proper address for service on Defendant and yet

---

[1] The Certificate of Service states that the document was sent on July 12, 2014 via US certified mail.

24

has failed to serve the *Motion for Summary Judgment*.

4.       No written discovery has been served on either party in this matter at this time. No depositions have been noticed or conducted at this time. Moreover, this case only has been on file with the Travis County court for a mere month.

## II.    MOTION FOR CONTINUANCE

5.       Defendant requests a continuance of the August 18, 2014 hearing in this matter.

6.       Under the Texas Rules of Civil Procedure, Plaintiff must serve the *Motion for Summary Judgment* at the time of filing it. Tex. R. Civ. P. 21; Tex. R. Civ. P. 21(a). Further, a motion for summary judgment and any supporting affidavits must be filed *and served* twenty-one (21) days before the time specified for the hearing. Tex. R. Civ. P. 166a. Accordingly, July 28, 2014, was the last day that such a motion should have been served on Defendant for proper notice. *Id.*

7.       According to Travis County's Attorney Access to Records Online, Plaintiff filed the *Motion for Summary Judgment* on February 14, 2014, when the case was still in the improper venue of Bexar County. Moreover, at that time, Plaintiff did not serve the *Motion for Summary Judgment* upon Defendant. In fact, Plaintiff had not even served an *Original Petition* to initiate the suit. The *Motion for Summary Judgment* was file-stamped for July 1, 2014 in Travis County presumably as a result of re-filing or the transfer of the case from Bexar County. The filing does not contain a certificate of service and there is no indication that Plaintiff attempted to serve the *Motion for Summary Judgment*. There is no indication that Plaintiff plans to serve this motion on Defendant in the future beyond the time period such service is required under the Texas Rules of Civil Procedure. Instead, Plaintiff apparently sought to have a hearing on a motion that Defendant was never served. As such, this hearing would be severely prejudicial.

- 2 -

8.     This matter has only been transferred to the proper venue for roughly one (1) month as of the time of this filing.  Defendant has had no opportunity to conduct reasonable discovery in this matter.

9.     Contemporaneously with service of this filing, Defendant is serving upon Plaintiff requests for disclosure, requests for production, interrogatories, and requests for admission on Plaintiff.  Defendant wishes to conduct this discovery in order to gather evidence in this matter to properly defend his case on the merits.  Plaintiff's filing of a *Motion for Summary Judgment* without providing Defendant an opportunity to conduct discovery that would negate Plaintiff's allegations and/or establish affirmative defenses denies Defendant of his right to due process of law.

10.     Accordingly, a continuance of this hearing should be granted.

### III.     MOTION FOR SANCTIONS

11.     Multiple statutes authorize a court to sanction a party and order the remedies requested by Defendant in this matter.   Defendant moves for sanctions against Plaintiff. Sanctions may be ordered against a party for the filing of a frivolous pleading pursuant to Civil Practice and Remedies Code chapter 10.  Tex. Civ. Prac. & Rem. Code § 10.004(c).[2]  Further, sanctions may be ordered against a party for the filing of a groundless pleading pursuant to Civil Practice and Remedies Code § 9.011-9.014.   Tex. Civ. Prac. & Rem. Code § 9.012(e).[3] Moreover, sanctions may be granted against a party for a failure to serve or deliver pleadings and motions pursuant to Texas Rules of Civil Procedure 21b and 215.  Tex. R. Civ. P. 215.2.[4]

---

[2] Under Chapter 10, the following remedies may be granted: reasonable expenses (including reasonable attorneys' fees), a penalty to be paid into court, and a directive to the violator to perform or refrain from performing an act.

[3] Under Chapter 9, the following remedies may be granted: striking of pleadings, dismissal of party, and an order to pay reasonable expenses (including attorneys' fees) incurred because of the filing of pleadings

[4] Under Rule 215, the following remedies, among others, may be granted: an order striking out pleadings or part

- 3 -

Pursuant to this authority, Defendant seeks:

a. the striking of *Plaintiff's Amended Original Petition*;

b. the striking of Plaintiff's *Motion for Summary Judgment*;

c. the striking of any and all plea, pleadings, motions and/or documents on file with the Travis County Court;

d. the dismissal of Plaintiff's claim; and

e. reasonable and necessary attorneys' fees.

12. Plaintiff has apparently continued to improperly serve pleadings and discovery upon Defendant and assert that service was completed. The following pleadings and discovery requests have not been served upon Defendant:

a. *Motion for Summary Judgment*;

b. *Plaintiff's First Set of Interrogatories*;

c. *Plaintiff's First Request for Admissions*;

d. *Plaintiff's First Request for Disclosure*; and

e. *Plaintiff's First Request for Production of Documents to Defendant, Tony R. Bertolino*.

Furthermore, pursuant to Texas Rules of Civil Procedure 21b and 215.2(b)(5), the *Motion for Summary Judgment* should be stricken as Plaintiff made no attempt to serve it.

13. This *Motion for Summary Judgment* contains false and/or misleading statements and does not provide evidence for crucial elements of Plaintiff's claim. Specifically:

a. Plaintiff alleges that Defendant has failed to comply with interrogatories, requests for disclosure, admissions, and production. Defendant has not

thereof, staying further proceedings until an order is obeyed, dismissing with or without prejudice the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party

- 4 -

been served any of these allegedly served discovery requests as required under Texas Rule of Civil Procedure 21a. Plaintiff's assertion that Defendant has failed to comply with discovery requests is therefore false.

b. Plaintiff alleges, based on Defendant's alleged failure to respond to discovery requests, that the "information [sought in the requests] would substantiate that Defendant knew, or should have known, and withheld the fact that the Plaintiff would not prevail in a legal malpractice lawsuit." Plaintiff has no reason to assume that discovery responses would substantiate this allegation. Stating that they would is a clear attempt to mislead the Court.

c. Plaintiff further alleges irrelevant facts in section III of his *Motion for Summary Judgment* claiming that they provide support for his claim. Plaintiff alleges that Defendant did not meet with him in person and assigned an attorney not on the firm's letterhead to his case and that these facts support "defendant's false representation." Even taken as true, these allegations provide no support for Plaintiff's claim and are included presumably to mislead the Court.

14. Plaintiff's *Motion for Summary Judgment* is a groundless motion. Plaintiff has only attached an affidavit alleging general statements regarding his personal knowledge of an isolated past event. While these statements are certainly rebuttable, even taken as true, they **cannot** establish (or even allege) anything whatsoever regarding Defendant's mental state, which is key to Plaintiff's assertion that Defendant knowingly and intentionally withheld information. According to *Plaintiff's Amended Original Petition*, Plaintiff has only made a claim under the

- 5 -

28

Texas Deceptive Trade Practices Act (DTPA), Tex. Bus. & Com. Code §§ 17.41 and 17.49(c) based on an alleged misrepresentation and failure to disclose information in violation of § 17.46(b)(24).

15. A claim under § 17.50 requires the following elements:

    a. Plaintiff is a consumer that incurred economic damages or damages for mental anguish from one of the following actions by the Defendant:

        i. Employment of a false, misleading, or deceptive act or practice that is specifically enumerated in § 17.46; and relied on by Plaintiff to his detriment.

        ii. Breach of an express or implied warranty;

        iii. Any unconscionable action or course of action by any person; or

        iv. The use or employment of an act or practice in violation of Chapter 541, Insurance Code.

16. *Plaintiff's Amended Original Petition* cites § 17.46(b)(24) assumedly for satisfaction of element (a)(i)[5] above. That subsection essentially requires four (4) different elements.[6]

17. *Plaintiff's Amended Original Petition* makes **<u>no factual allegations</u>** regarding any of the elements under § 17.50 or § 17.46(b)(24). Accordingly, *Plaintiff's Amended Original Petition* is a groundless motion and should be stricken pursuant to Civil Practice and Remedies Code § 9.011, et. seq.

18. Moreover, Plaintiff's *Motion for Summary Judgment* is also a groundless motion

---

[5] For simplicity's sake, reference is made to the enumeration used in this pleading, not the statutory enumeration.

[6] § 17.46(b)(24) requires that (a) Defendant knew information concerning goods or services at the time of the transaction; (b) Defendant withheld the information (c) with intent to induce the consumer into a transaction; and (d) the consumer would not have entered into the transaction had the withheld information been disclosed.

-6-

because it seeks summary judgment relief on claims not plead in the *Plaintiff's Amended Original Petition*. The Motion is silent on a claim under the DTPA and instead lists allegedly satisfied elements for a claim under theories of "False Representation" and "*Quantum Merit*" [sic]. Neither of these claims are present in *Plaintiff's Amended Original Petition*. Further, Plaintiff's only evidence is an attached affidavit of his own personal knowledge. This affidavit states general facts about past occurrences but provides no indication of Defendant's mental state which is essential to a claim under the DTPA. *See* the above-enumerated elements of a DTPA claim under § 17.46(b)(24) in footnote 6. Elements a and c of § 17.46(b)(24) both require proof of Defendant's mental state.

19.     Further, even if a claim for False Representation or *Quantum Meruit* were proper in this pleading, Plaintiff has not provided evidence to support those claims since he generally alleges false representation without providing evidence or specific grounds establishing Defendant's mental state. *See* Tex. R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor.").

20.     Plaintiff has provided no evidence for the majority of his claims and instead alleges false and misleading statements. The fact that Plaintiff has also made no apparent attempt to serve the *Motion for Summary Judgment* on Defendant is further evidence that this groundless pleading was filed improperly and in bad faith.

## IV.     RELIEF

21.     Because Defendant has been given no notice of Plaintiff's *Motion for Summary Judgment* prior to the *Notice of Summary Judgment Hearing*, Plaintiff has repeatedly improperly served or failed to serve Defendant, and Defendant has had no opportunity to conduct discovery,

-7-

Defendant respectfully requests that a continuance be granted for the August 18, 2014 hearing on Plaintiff's *Motion for Summary Judgment.*

22. Recognizing the Court's broad authority under § 10.004 of the Texas Civil Practice and Remedies Code, to make such orders as are just, Defendant respectfully prays that this Court dismiss *Plaintiff's Amended Original Petition* and order Plaintiff to pay attorney's fees and additional fees the court can charge against Plaintiff and enter such orders in regard to the Plaintiff's failure as it deems just.

23. Recognizing the Court's broad authority under Civil Practice and Remedies Code §§ 9.011-9.014 and Texas Rule of Civil Procedure215.2(b), to make such orders as are just, Defendant respectfully submits that this Court strike the instruments in violation of §§ 9.011-9.014 (*Plaintiff's Amended Original Petition* and Plaintiff's *Motion for Summary Judgment*), dismiss the case, and order Plaintiff to pay reasonable expenses, including attorney's fees caused by Plaintiff's failure and enter such orders in regard to the Plaintiff's failure as the Court deems just.

24. Due to Plaintiff's acts described herein, Defendant has incurred substantial expenses, including but not limited to attorneys' fees. Under of the Texas Civil Practice and Remedies Code § 10.004 and Texas Rule of Civil Procedure 215.2(b)(8), Defendant may recover reasonable expenses, including reasonable attorneys' fees, incurred in obtaining an order for sanctions. Reasonable attorney's fees for the services rendered and to be rendered is $1000.00.

25. The attorney's fees requested in the amount of $1,000 are reasonable based on the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly given the fees customarily charged in the locality for similar legal services, as well as the amount involved and results obtained.

- 8 -

31

## V.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that the Court:

26.     grant Defendant's *Motion for Continuance* of the Summary Judgment hearing currently set for August 18, 2014.

27.     set a hearing for the *Motion for Sanctions*;

28.     after notice and hearing, impose sanctions on Plaintiff in accordance with Texas Civil Practice and Remedies Code § 10.001 and/or Civil Practice and Remedies Code §§ 9.011-9.014 to include:

     a.     striking *Plaintiff's Amended Original Petition* pursuant to Tex. Civ. Prac. & Rem. Code § 9.012(e)(1);

     b.     striking Plaintiff's *Motion for Summary Judgment* pursuant to Tex. Civ. Prac. & Rem. Code § 9.012(e)(1);

     c.     the striking of any and all plea, pleadings, motions and/or documents on file with the Travis County Court;

     d.     dismissing Plaintiff's claim pursuant to Tex. Civ. Prac. & Rem. Code § 9.012(e)(2);

     e.     granting Defendant reasonable and necessary attorneys' fees in the amount of at least $1000.00[7] incurred in obtaining such order pursuant to Tex. Civ. Prac. & Rem. Code § 9.012(e)(3) and § 10.001(c)(3);

     f.     any and all other relief as the Court deems Defendant is entitled.

29.     This Motion is not sought solely for delay but that justice may be done.

---

[7] Affidavits and invoices evidencing such expenses will be provided as necessary.

Respectfully submitted,

**BERTOLINO LLP**

By: _____

Tony R. Bertolino
Texas Bar No. 24038766
Hiba Kazim
Texas Bar No. 24076952
823 Congress Ave.
Suite 704
Austin, Texas 78701
Tel: (512) 476-5757
Fax: (512) 476-5758
Email: info@belolaw.com

***Attorneys for Defendant,
Tony R. Bertolino***

## CERTIFICATE OF SERVICE

I certify that on August 5, 2014 a true and correct copy of *Defendant's Motion for Continuance and Motion for Sanctions* was served by regular U.S. mail and CMRRR # 7006 2760 0003 6345 2579 on STEPHEN M. DANIELS at 8323 Clays Point, San Antonio, Texas 78257.

_____
Tony R. Bertolino

- 10 -

### Verification in Support of *Defendant's Motion for Continuance and Motion for Sanctions*

The undersigned states under oath: "I am the attorney for movants in the foregoing *Defendant's Motion for Continuance and Motion for Sanctions*. I have read the motion. The statements contained in paragraphs 1 through 29 in the above motion are within my personal knowledge and are true and correct."

_____
Tony R. Bertolino

**SUBSCRIBED AND SWORN BEFORE ME** on _August 5, 2014_ .

ROSARIO ALCALA
MY COMMISSION EXPIRES
May 27, 2018

_____
Notary Public, State of Texas

- 11 -

34

# APPELLANT'S APPENDIX

# TAB F

STEPHEN M. DANIELS,        ) IN THE DISTRICT COURT
            Plaintiff(s), )
                      )
VS.                    ) BEXAR COUNTY, TEXAS
                      )
GREGORY CANFIELD,       )
                      )
           Defendant(s). ) 45TH JUDICIAL DISTRICT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
NO EVIDENCE MOTION FOR SUMMARY JUDGMENT
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On the 15th day of April, 2013 the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Janet Littlejohn, Judge of the 150th District Court of Bexar County, Texas.

Proceedings reported by Machine Shorthand.

VICTORIA L. GONZALEZ - OFFICIAL COURT REPORTER
150TH DISTRICT COURT (210) 335-2570

EXHIBIT 'E'

# A P P E A R A N C E S

MR. TREVOR YOUNG
ATTORNEY AT LAW
660 West FM 2410
Harker Heights, Texas   76548
SBOT # 24084138
Phone:  (210) 313-3001
ATTORNEY FOR STEPHEN DANIELS


MR. FRED E. DAVIS
ATTORNEY AT LAW
8911 Capital of Texas HWY 2
Austin, Texas   78759
SBOT # 05489000
Phone:  (512) 615-9963
ATTORNEY FOR GREGORY CANFIELD

EXHIBIT E

31

# INDEX

|  |  | PAGE |
|---|---|---|
| CAPTION | ----------------------------------------- | 1 |
| APPEARANCES | ----------------------------------------- | 2 |
| INDEX | ----------------------------------------- | 3 |
| PROCEEDINGS | ----------------------------------------- | 4 |
| COURT'S RULING | ----------------------------------------- | 11 |
| REPORTER'S CERTIFICATE | ----------------------------------------- | 12 |

VICTORIA L. GONZALEZ - OFFICIAL COURT REPORTER
150TH DISTRICT COURT (210) 335-2570

EXHIBIT 'E'

(Proceedings)

THE BAILIFF: All rise. 150th District Court is now in session.

THE COURT: All right. Y'all may be seated. On the Daniels versus Canfield case.

MR. DAVIS: Ready, Your Honor.

THE COURT: This is your motion, is it, sir?

MR. DAVIS: It is.

THE COURT: May I see a copy of your motion, please.

MR. DAVIS: (Tendering).

THE COURT: Thank you. And is there a response?

MR. YOUNG: Yes, Judge. (Tendering).

THE COURT: Thank you. And you're Mr. Davis, are you?

MR. DAVIS: I am.

THE COURT: Okay. Mr. Davis, go ahead and tell me what this motion is about.

MR. DAVIS: Your Honor, this is a case alleging legal malpractice. We were here before Judge Stryker on March the 1st. At that point in time absolutely nothing had been done on the case. No depositions, no discovery, nothing. And so -- and at

EXHIBIT 'E'

that hearing that day we also had a motion for continuance. Judge striker granted that motion. Until today, indicated there would be no further continuances and I informed counsel that in a case like this, you needed a legal expert to support the case.

We are back before you today. Since the prior hearing, they have taken my client Greg Canfield's deposition. Discovery had been propounded and answered and to the extent required up to this date. And there's still no expert.

The plaintiff seems to be of the opinion that if they raise a scintilla of evidence on any point, that that's good enough. And in their response they say they have raised a scintilla of evidence as to whether when my client agreed to a motion for new trial -- let me back up.

This case was initially filed in the Justice Court by the plaintiff against his stripper girlfriend for money that he had loaned to her. And he represented himself in the Justice Court, resulting in a take nothing judgment. He hired my client, Greg Canfield, to appeal that take nothing judgment, which Mr. Canfield did, pursued judgment for him, obtained a judgment for the amount in controversy.

At that point in time, there was

EXHIBIT 'E'

discussion among counsel about a motion for new trial. It wound up being agreed to and then my client withdrew from the litigation.

THE COURT: What was agreed to?

MR. DAVIS: The motion for new trial. My client withdrew from the litigation with permission of the Court, advising the plaintiff that he needed to get other counsel to go forward on the case and he did not do so. Again, he went before the Court in a pro se capacity, tried his own case and lost it. And now he sues Mr. Canfield for legal malpractice for, I guess, losing the case after he was no longer counsel.

So with that background, plaintiff seems to be saying that there's a dispute as to whether he instructed Mr. Canfield to agree to the motion for new trial or whether Mr. Canfield merely told him that he was going to lose the motion for new trial. For purposes of this hearing it doesn't matter which position you take on that. So as you would in looking at a motion for summary judgment, assume the validity of the plaintiff's argument. Assume that Mr. Canfield merely told him he was going to lose the motion for new trial instead of being instructed to agree to the motion for new trial. It doesn't matter. There's no lawyer here saying that that was negligent or a proximate cause of any injuries

EXHIBIT E

to Mr. Daniels.

The second point plaintiff seems to be raising in an effort to defeat today's motion is -- has to do with why Mr. Canfield withdrew from representation. Mr. Canfield has testified he withdrew from representation under his employment agreement because plaintiff was going out, communicating with the other side, contrary to his -- his advice and that that was a provision that he had acknowledged in his employment contract to authorize withdrawal. That's why he withdrew.

Plaintiff says, in attempting to raise an issue for today, that there were never any such communications at the time of the withdrawal. What difference it makes in a legal malpractice case when there's no expert as to why the attorney withdrew, with permission of the Court, and the case goes on and is lost pro se, I'm at a loss to know what that adds to today's hearing. I don't think it makes one bit of difference.

The obligation in the no evidence -- in an attempt to defeat a no evidence motion for summary judgment is to raise a scintilla of evidence about one of the elements that's lacking proof. The elements that are lacking proof in this case are whether my client Mr. Canfield was professionally negligent in his

EXHIBIT E

36

representation. And two, whether that caused any damages to Mr. Daniels. There is no expert in this case. And, again, we are here basically with the same position we were before Judge Stryker on, where she told them they needed an expert to support this case and we would encourage the motion be granted.

THE COURT: Are you saying the plaintiff has not designated an expert through the request for disclosure?

MR. DAVIS: Well, there's no -- there has been no request for disclosure that I have filed, but when I filed a motion for no evidence summary judgment, they have an obligation to refute that by offering up probative evidence, summary judgment evidence to show that there is, indeed, a credible issue. They have not done that and I submit that we are entitled to a 166(a)(i) motion being granted.

THE COURT: Okay. Mr. Bertolino.

MR. YOUNG: Mr. Young.

THE COURT: You're here for Mr. Bertolino?

MR. YOUNG: Yes, Your Honor.

THE COURT: Okay. Go ahead.

MR. YOUNG: First of all, I would like to argue that a legitimate issue of material fact is

EXHIBIT "E"

37

presented in the agreement for new trial. As Mr. Davis stated, his client actually obtained a judgment of $7,500, in addition to $2,500 of attorney's fees in favor of our client, Mr. Daniels. Our client's assertion is that he did not instruct or agree to enter an agreed new trial.

THE COURT: How is that negligence on the part of Mr. Canfield?

MR. YOUNG: Because he had --

THE COURT: I mean, you can have a dispute about whether or not a new trial should have been granted or whether or not it's agreed to or not, but you're very familiar with the fact that in the professional negligence case, not only do you have to prove malpractice by the attorney, but that your client would prevail on the underlying case.

Now, let's just presume that because he prevailed on the first case and if a new trial had not been granted, he would have been successful. What is the negligence that occurred by this attorney in representing his client?

MR. YOUNG: The negligence that occurred is that he deprived his client of the opportunity to enforce the judgment that was awarded to him.

THE COURT: Okay. And how is that

EXHIBIT E

38

proved up?

MR. YOUNG: By his entering into the agreed order. Mr. Canfield actually obtained $500 in legal fees in exchange for that agreement.

THE COURT: I'm sorry. You lost me there. Why is the payment of $500 evidence that there's been professional negligence?

MR. YOUNG: An additional reason for Mr. Canfield's withdrawal was due to Mr. Davis -- my apologies, Mr. Daniels' delinquency in payment. Given that Mr. Canfield asserts that the plaintiff instructed him to enter into a motion for new trial, which would vacate and set aside the judgment of nearly $10,000 awarded to him, for what purpose, I don't know. And certainly our client, Mr. Daniels, does not understand why Mr. Canfield did that.

THE COURT: Anything else?

MR. YOUNG: Additionally, the movant's motion for no evidence summary judgment is not sufficiently specific. The defendant is required to be specific in challenging the evidentiary support for an element. Mr. Davis challenged every element of every single claim, including the existence of an attorney/client relationship, the existence of a contract, all of which were readily knowable by both him

EXHIBIT E

39

and his client.

THE COURT: Has the -- and so what expert opinions have been offered by Mr. Daniels that this amounts to professional negligence?

MR. YOUNG: Your Honor, an expert opinion has not been offered, but one is also not required in this case. It is true that an expert is generally necessary to instruct a jury on the issues of standard of care and proximate cause, where the causal link is beyond the jury's common understanding.

In this case, I think it's pretty clear to a jury that they are going to understand that our client was not willing to give up a judgment near $10,000 to enter into a new trial.

## COURT'S RULING

THE COURT: Sure. Okay. Motion for summary judgment is granted. Do you have an order, sir?

MR. DAVIS: Yes.

THE COURT: Show it to Mr. Young and see if he has any objections to the form and I will be glad to sign it. Okay. If you want to make copies of this you can take it and just bring it back to Shirley, our clerk. Thank you. Y'all may be excused.

(Proceedings adjourned)

EXHIBIT E   42                        40

STATE OF TEXAS         )

COUNTY OF BEXAR        )

        I, VICTORIA L. GONZALEZ, Official Court Reporter in and for the 150th District Court of Bexar County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

        I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

        I further certify that the total cost for the preparation of this Reporter's Record is $60.00 and was paid/will be paid by Mr. Stephen Daniels.

/s/ VICTORIA GONZALEZ

VICTORIA GONZALEZ, Texas CSR #1714
Expiration Date 12/31/13
Official Court Reporter, 150th District
Bexar County, Texas
100 Dolorosa Street
San Antonio, Texas   78205
(210) 335-2570

EXHIBIT E

41

# APPELLANT'S APPENDIX

# TAB G

# AFFIDAVIT OF FACTS

**STATE OF TEXAS**

**COUNTY OF TRAVIS**

BEFORE ME, the undersigned authority, on this day personally appeared **Fred E. Davis** who, being by me duly sworn, upon his oath deposed and stated as follows:

I am a duly licensed Attorney at Law and have been actively practicing law in Austin, Travis County, Texas for the past forty-three (43) years. Most of my litigation experience has been in defending professional liability lawsuits, either medical, legal or pharmaceutical.

I was retained in 2012 by North American Risk Service to represent Gregory W. Canfield in a legal malpractice case brought against him by Stephen Daniels of San Antonio. North American Risk Services was acting as Third Party Administrator of Torus National Insurance Company, the professional liability carrier of a policy issued to Mr. Canfield. The specific lawsuit was Cause No. 2012-CI-13637 in the 45th Judicial District Court of Bexar County, Texas and was styled **Stephen M. Daniels v. Gregory Canfield** (see Exhibit # 1). The Attorney representing Mr. Daniels in bringing that cause was **Tony R. Bertolino of BERTOLINO LLP**. The lawsuit alleged legal malpractice by Mr. Canfield in an underlying cause where, for a time, Mr. Canfield had represented Mr. Daniels **(Stephen M. Daniels v. Adama Kanu).**

In that initial **Kanu** case, Mr. Daniels had represented himself (in JP Court) and had had a Directed Verdict rendered against him; and after retaining Mr. Canfield, that Directed Verdict was set aside and instead, Mr. Daniels was awarded a judgment of $9,875.95 plus attorney fees against Mr. Kanu. After a Motion for New Trial was granted, Mr. Canfield withdrew from further

representation with permission of the Court, and Mr. Daniels chose to again represent himself as a *pro se* litigant.

At trial, Mr. Daniels lost his case against Mr. Kano and that is where all further litigation should have ended. However, Mr. Daniels contacted Mr. Bertolino about bringing a legal malpractice case against Mr. Canfield and the representation in question began after the payment of a (reported) $10,000 retainer. Mr. Bertolino accepted the retainer and agreed to file suit on Mr. Daniels behalf in Cause No 2012-CI-13637. The fact that it was a case of legal malpractice, Plaintiff needed an expert witness to establish any actional claim against Mr. Canfield (even though the malpractice suit was being re-cast with superfluous allegations. **I felt then, and still do, that the case he filed against my client was meritless**.

From that point forward, basically nothing happened until I filed a No Evidence Motion for Summary Judgment. Prior to that filing, Mr. Bertolino had not diligently pursued the case against my client through either written discovery or deposition testimony or by producing the opinion of a credible expert witness. Thus, I filed a No-Evidence Motion for Summary Judgment (see Exhibit # 2). Mr. Bertolino attempted to raise a scintilla of evidence to defeat the No Evidence Motion through his own Affidavit and one from his Associate, but was unsuccessful. Thus, the Summary Judgment was granted, and then was not appealed by Mr. Bertolino.

[Although Mr. Daniels made a subsequent effort in a *pro se* capacity to again sue Mr. Canfield, the Bexar County District Judge held that any claim he might have had was now barred by the judgment in Cause No. 2012-CI-13637 which was not appealed and was now final. (See Exhibit # 3 and #4).]

Mr. Daniels has now filed a legal malpractice suit against Mr. Bertolino in Cause No D-1-GN-14-002146 in Travis County, Texas. He has provided me a copy of Defendant's No-Evidence Motion and a copy of his *pro se* response. (I do not represent Mr. Daniels in that lawsuit or in any other capacity; he has merely contacted me to see if I would provide an Affidavit which he could use in response to a No –Evidence Motion for Summary Judgment filed by Mr. Bertolino, and I am

not being compensated for even the time needed to research my file and prepare this Affidavit.) I am doing so because I believe that malpractice was committed by Mr. Bertolino in the case he filed against my client, Gregory W. Canfield. More specifically, I would point to the following matters which I believe constitute negligence/malpractice in the context of the above facts:

(1) Advising a client to file a legal malpractice claim prior to having the case reviewed by a competent legal expert who is available to testify at trial in support of that position is, in my opinion, negligence (* except in the medical malpractice field where statutorily, the claimant is given a post-filing period of time to file an expert report or face having his case dismissed). It is my understanding that at the time of filing of the case, Mr. Bertolino had no such expert witness retained to support the case.

(2) Failing to diligently pursue discovery by the propounding of written discovery and the taking of depositions, at a minimum the deposition of the Defendant he was suing. Pursuing a case of legal malpractice requires a certain degree of aggressiveness since it is filed against a peer, and in this case, the Court made the threshold finding that adequate time for discovery had elapsed (and it was obvious that no discovery had been pursued prior to the No Evidence Motion being filed by Defendant).

(3) When during the course of the case a No-Evidence Motion for Summary Judgment was filed, alleging that Plaintiff had no competent evidence from a qualified legal expert to testify to the issues of negligence and proximate cause, the Plaintiff's Attorney would be under a duty to retain a qualified expert to defeat the Defendant's No Evidence MSJ. These are both matters upon which Plaintiff had the burden of proof at trial and the absence of such evidence formed the basis for the Court to grant the MSJ. That was not done by Mr. Bertolino in the underlying case and therefore, the failure to consult and retain appropriate expert witnesses to support the case constituted negligence on his part.

(4) Then, when the No Evidence MSJ was granted, there was still an opportunity to challenge it on appeal under Rule 166a, but that was not

done either. I was not privy to any discussions between Mr. Bertolino and Mr. Daniels as to payment of the costs of appeal so I do not know if that was discussed or not; but having advised his client to file the suit without an expert, having a No-Evidence MSJ granted against the client, and having charged the client for that representation, I would opine that there **should** have been some effort made by Mr. Bertolino to appeal and reverse the MSJ if at all possible. Whether that was malpractice or not would depend upon facts that are not presently known to me and I offer no such opinion.

Dated this _19th_ day of September, 2014.

_Fred E. Davis_

Fred E. Davis, Affiant

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, on this the _19th_ day of September 2014.

ALYSON K CHAKY
NOTARY PUBLIC
State of Texas
Comm. Exp. 09/15/2016

Notary Public, State of Texas

My Commission Expires: _9/15/2016_

106